MIRANDA SHANNON v. MARY M. MARCHBANKS ET AL.

Decided April 27, 1904.

**1.—Grantor—Intention—Title—Charge.**

It was not error to refuse a requested charge instructing that testimony of statements made by defendant two years before she put plaintiffs in possession of the land in controversy should not be considered for the purpose of proving that she gave the land to plaintiffs but only as showing her intention, since the only issue was whether it was her intention to convey the absolute title or only a life estate when she put them in possession.

**2.—Continuance—Evidence—Affidavit of Physician.**

The trial court properly refused a continuance for the testimony of a party to the suit whose deposition had been taken ex parte by her adversaries, but not in her own behalf, where it appeared, upon the affidavit of her family physician, that she was at the time of trial too feeble in health and mind to attend court and would likely continue in that condition.

**3.—Evidence—Deposition—Interrogatories.**

Testimony of a witness who took the deposition of one of the parties to a suit that she asked him how she should answer the interrogatories, which would probably have been excluded if objected to, is not ground, when admitted without objection, for an application for continuance to meet and explain it.

Appeal from the District Court of Johnson. Tried below before Hon. Wm. Poindexter.

*O. T. Plummer,* for appellant.

*S. C. Padelford,* for appellees.

JAMES, CHIEF JUSTICE.—Mary M. Marchbanks and her husband brought this suit against Miranda Shannon for specific performance to secure title to twenty-five acres of land which they claim the latter gave her daughter, Mrs. Marchbanks, by parol in 1897, averring that defendant placed plaintiffs in possession of the land and that they made valuable and permanent improvements on the land, on the faith of said gift. The trial resulted in a verdict for plaintiffs.

Defendant answered by general denial and also that she gave said land to her said daughter for her daughter's life or as long as she remained on the land.

The fifth assignment complains of the refusal of the following charge: "You are instructed that you will not consider the evidence of Fred Vickers, G. D. Green and —— Driscoll for the purpose of establishing or proving that Mrs. Shannon gave the land mentioned in the pleadings to Mrs. Marchbanks, but you can consider it as showing, if it shows, what the intention of Mrs. Shannon was, if you should find from a preponderance of the evidence she placed Mrs. Marchbanks in possession of the land."

The proposition made to this assignment is: "The evidence was not admissible to prove a gift of the land to Mary Marchbanks, who was not present; if appellant made the statement as sworn to by the witnesses the statement did not amount to a gift, as the same was not

in writing, but only declared a purpose which appellant voluntarily made to perform sometime in the future to strangers to the contract claimed to have been made with Mary Marchbanks."

The witness Vickers testified in effect that in 1896, at the request of appellant, he and J. F. Kirtley surveyed and set apart the twenty-five acres in question for Mary Marchbanks, and that appellant stated to him that Mary Marchbanks should have an equal share of the land with appellant's other children. Driscoll testified in effect the same.

Green testified that appellant stated to him on the occasion that Vickers and Driscoll were at her house that she wanted Mrs. March-banks to have out of her part of the land an equal share with the other children and wanted him (the said Green her attorney) to have it put into the judgment of partition (rendered in 1896), but witness told her that it could not be done, as Mrs. Marchbanks was not a party to the suit.

J. B. Marchbanks testified that it was the latter part of the year 1898 that they moved on this land and put improvements upon it.

The above is the testimony cited by appellant in support of the proposition.

Appellant argues then that the only issue in the case was, did appellant intend to give Mrs. Marchbanks the land, or did she merely intend that the latter should have possession of it during her life or so long as she occupied it? That this being so the jury should have been told that they could only consider the testimony of Vickers, Green and Driscoll as to what appellant's intention was at the time she put appellees in possession of the land, which was about two years after her said statements were made.

It was undisputed that appellant put Mrs. Marchbanks and husband in possession of the land. Although she may have done this two years after making said statements, they were evidence bearing on what her intention was at the time they were put in possession, and this appellant does not seem to question. From the above argument, it being the only issue, it is impossible to conceive in what other issue it could have been considered by the jury.

A gift of land need not be in writing, but may be evidenced entirely by parol, and will become an equitable title if possession be taken and improvements made on the land on the faith of the parol gift. Cauble v. Worsham, 96 Texas, 92.

Besides, the requested instruction would have submitted to the jury as an issue of fact from a preponderance of the evidence whether or not appellant placed Mrs. Marchbanks in possession, when there was no question as to that fact.

All the other assignments relate to the refusal of the trial judge to grant appellant a continuance, and to the refusal of a new trial because a continuance was not allowed.

It appears that this cause was filed on August 9, 1902, and the trial had on May 12, 1903. It appears also that plaintiffs had caused the

deposition of appellant to be taken in October, 1902. The ground of·
the application was that appellant was sick near Cleburne, where she
resided, that her mind was in no condition for her to testify in her then
feeble condition, and that she had some hope that her mind would
improve in case her personal health should improve. It appears that
she gave her deposition taken ex parte in October, but the deposition is
not in the record, except a portion which was used in her behalf on·
the trial, which portion was a denial that she ever put plaintiffs in
possession of the land as their land, but that she just let them live on
it, and that she never heard of their claiming the land as their prop-
erty. This was practically a denial of any gift, or any intention to·
give them the land, and covered the matter in issue. The court in
overruling the continuance acted upon the fact that said deposition
had been taken, and also upon the fact that no proper diligence was
used to procure her evidence. This had reference to the contest filed
to which the court refers in the bill of exception, from which it ap-
peared that appellant was very old and feeble, not in good health, and
had been in this condition before and since the previous term; that at
the previous term the case was postponed to another day because of her·
feeble condition, and that she was now in such a feeble condition that.
she would not be able to attend the trial at this term or the next term;
that she is as well now as she ever would be, on account of her age and
feebleness, that instead of getting stronger she will get weaker. An,
·affidavit of appellant's physician was a part of the application and reads
as follows: "This is to certify that Miranda Shannon is now and has
been for past two months or more, and she is too feeble in health and
mind to even come to town or attend court, or even her household
duties. I also certify that I think it extremely doubtful that she will
ever be able, at least for a long time, to attend court. I am her family
physician and have been for many years. She is now under my
treatment."

From what was before the trial judge in this matter we can not
well hold that he erred in considering that the circumstances had been
such since the commencement of this suit, as necessitated, in the exer-
cise of proper diligence, the taking of her deposition. Nor can we,
without having before us the deposition itself in its entirely, say that
she did not testify fully concerning what was in issue. We think this
latter reason not only necessitates our sustaining the order overruling
the continuance, but also requires us to overrule the seventh assign-
ment of error, which is that appellant's motion for new trial should
have been granted, wherein it was undertaken in her behalf to be shown
that she had been restored sufficiently to enable her to attend court or
to give her deposition.

From the fourth assignment it appears that on the trial a witness
(G. D. Green) for plaintiff, while testifying, stated among other things
that he was the officer who had taken appellant's ex parte deposition,
and that when he read over to her the interrogatories she asked him

how she should answer them; that he told her it was not his business to tell her how to answer them; that she must answer them for herself. It appears that at the trial, after witness had made this statement, appellant's counsel asked the court to set aside its order refusing the continuance, upon the ground that it would be necessary for appellant to be present and to testify and explain to the court and jury why she asked Green said question, and that if no explanation is given, or if the statement were not denied, said testimony would prejudice the minds of the jury against her in reference to said deposition, and that justice requires that the case be continued to give her an opportunity to be present so she can testify.

The bills shows that this statement of the witness was not objected to. It is to be presumed, in the absence of any explanation in the record, that it was made in answer to a question, and that defendant's counsel had ample opportunity to object. An objection would probably have been sustained. The question which appellant is said to have asked Green was how she should answer the interrogatories. Without some further testimony the question could and should be taken as having reference to the manner of answering the interrogatories, instead of what her answers should be. In this condition of the testimony it should have been excluded, and no doubt would have been if counsel had taken the trouble to interpose an objection to it. Having made no effort to exclude it, it furnished appellant no ground for complaint.

*Affirmed.*

Writ of error refused.