E. J. BURKE, Appellant,

v.

John Linn SCOTT, Appellee.

No. 11443.

Court of Civil Appeals of Texas.

Austin.

Feb. 1, 1967.

Rehearing Denied Feb. 8, 1967.

John Peace, J. B. Langham, San Antonio, for appellant.

Cofer, Cofer & Hearne, Hume Cofer, Austin, for appellee.

PHILLIPS, Chief Justice.

Appellee sued appellant for an architectural fee as compensation for alleged services in connection with the construction of a nursing home. Appellant filed a cross-action for damages allegedly incurred by reason of certain actions on the part of appellee.

This case has been before us on a plea of privilege and is reported in Burke v. Scott, 400 S.W.2d 385 (1966 writ refused w. o. j.).

Before trial, appellant filed and presented his sworn motion for continuance because of the critical illness of both the appellant and appellant's only witness, T. A. Bollinger. This motion was supported with affidavits of two doctors. The motion was overruled. Thereafter, prior to the trial of the case on its merits, appellant filed and presented a sworn supplemental motion for continuance. This motion likewise was overruled and the case was ordered to trial.

Appellant did not participate in the trial and a verdict was returned in favor of appellee in the approximate sum of $66,000 upon which verdict judgment was entered. It is from this verdict and judgment that appellant has perfected his appeal to this Court.

We reverse the judgment of the trial court and remand this case for trial.

Appellant is before this Court on one point of error, namely, that of the trial court in overruling appellant's motion for continuance that was filed, presented and overruled on March 10, 1966, and re-urged and overruled on March 14, 1966 along with appellant's supplemental motion for continuance that was filed, presented and overruled on March 14, 1966, all of said motions being presented and overruled prior to the trial of the case on its merits.

We sustain this point.

On January 25, 1966, at the request of appellee, the case was set for trial on its merits for March 14, 1966.

On March 10, 1966, appellant filed and presented his sworn motion for continuance because of the critical illness of both the appellant and appellant's only witness, T. A. Bollinger. This motion was supported by the affidavits of two doctors.

Appellant's doctor stated in his affidavit that appellant was presently in Mercy Hospital in Laredo seriously ill and under an oxygen tent. That it was therefore impossible from a medical point of view for him to appear in court on Monday, March 14. That it was not possible at that time for the doctor to state exactly when he might appear in court because that depended on his progress. That it did not appear at that time that he would be able to appear in court for at least two or three months.

Witness Bollinger's doctor stated by affidavit that Bollinger had suffered a heart attack on January 24, 1966 and was confined in the Santa Rosa Medical Center in San Antonio, Texas, from that date until

February 6, 1966. That from February 6, 1966 until the present time (March 9, 1966) he had been confined to his home under the doctor's care. That Bollinger was physically unable to testify or participate in a court trial at that time without greatly endangering his health. That if Bollinger continued to progress as he had he would be able to either testify or to give a deposition in the lawsuit within eight weeks or by the second day of May, 1966.

Thereafter on March 14, 1966, prior to the trial of the case on its merits, appellant filed and presented a sworn supplemental motion for continuance. This motion incorporated appellant's prior motion for continuance of March 10, 1966.

All of appellant's motions were again overruled.

No answer was filed by appellee in opposition to appellant's motions for continuance, nor did appellee controvert the facts set forth in the motion.

Appellant took exception to the Court's ruling with a proper bill and again in a motion for a new trial.

Motions for Continuances come under Tex.Rules of Civil Procedure 251 and 252.[1]

Appellant's motions were in compliance with the above rules and being not controverted conclusively establishes the following:

Appellant had been in ill health for some time. Because of his ill health and the uncertainty as to whether the appellant's health would be such so as to permit him to be physically present to testify on the trial of this case an agreement was made between counsel for both parties to take appellant's deposition. Pursuant to this agreement on September 28, 1965 an effort was made to take appellant's deposition, while he was confined to his bed because of his illness. Before appellee's attorney could complete the taking of the deposition and before appellant's attorney could develop any portion of his defense to appellee's suit and also his evidence in support of his cross-action, the appellant became acutely ill and was unable to continue the deposition. Due to this illness it was agreed by counsel for both parties that the deposition would be recessed to a future date to be agreed upon by the attorneys for both appellant and appellee.

Before the deposition could be resumed and completed appellant developed a condition of his circulatory system necessitating a surgical operation to remove an aneurysm from his leg. After consulting with Dr. Denton A. Cooley, M.D., of Houston, Texas, appellant was admitted to the St. Luke's Hospital in Houston, Texas on January 25, 1966. On January 31, 1966, appellant underwent surgery and the aneurysm was removed by Dr. Cooley. Appellant remained in the hospital in Houston, Texas, from the date of his admission until the 18th day of February, 1966, at which time he was permitted to return to Laredo, Texas, by plane.

The day after returning to Laredo, February 19, 1966, appellant suffered a heart attack and was taken to Mercy Hospital in

1. "Rule 251. Continuance
   No application for a continuance shall be heard before the defendant files his defense, nor shall any continuance be granted except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law.
   Rule 252. Application for Continuance
   If the ground of such application be the want of testimony, the party applying therefor shall make affidavit that such testimony is material, showing the materiality thereof, and that he has used due diligence to procure such testimony, stating such diligence, and the cause of failure, if known; that such testimony cannot be procured from any other source; and, if it be for the absence of a witness, he shall state the name and residence of the witness, and what he expects to prove by him; and also state that the continuance is not sought for delay only, but that justice may be done; provided that, on a first application for a continuance, it shall not be necessary to show that the absent testimony cannot be procured from any other source."

Laredo, Texas, where he had been continuously confined in an oxygen tent under the care of Dr. Cigarroa, M.D.

Because of these developments it was impossible for appellant's counsel to complete appellant's deposition and since the onset of the events involving surgery it has been impossible for appellant's counsel to even confer with appellant with reference to preparing the case for trial on the merits.

The only other person who could assist in the trial of this case on the merits was one T. A. Bollinger, who handled various phases of the negotiations between appellant and appellee. Mr. Bollinger suffered a heart attack on January 24, 1966, the day before (January 25, 1966) the appellee had this case set for trial on its merits for March 14, 1966. Mr. Bollinger was confined to the Santa Rosa Hospital in San Antonio, Texas, from January 24, 1966 until February 6, 1966 and from February 6, he has been continuously confined to his home under the care of Dr. James R. O'Neill of San Antonio, Texas. Due to Mr. Bollinger's illness he was unable to assist appellant's counsel in the preparation of this case for trial or to attend the trial without endangering his health.

Appellant's motion stated that the presence of the appellant and his testimony and the presence of T. A. Bollinger or his testimony were indispensable to an adequate defense of appellee's case and the prosecution of appellant's cross-action. Without the presence of one or both of the parties and the testimony of one or both of the parties it was impossible to proceed to trial. The testimony of both the appellant and Mr. Bollinger was material to appellant's defenses in the lawsuit and also material to his cross-action and such testimony could not be procured from any other source. The continuance was not sought for delay but in order that justice be done. Appellant would have been able to appear in court in approximately three (3) months and Mr. Bollinger would be able to appear in court or give his deposition within eight (8) weeks or by May 2, 1966.

■ In addition to the above facts established by appellant's motions for continuance, the motions also set out the facts that the appellant and Mr. Bollinger would testify to on the trial of the case. The fact that the witness will testify to these facts, being uncontroverted, must be accepted as true. United Employers Cas. Co. v. McCloud, 146 S.W.2d 247, 249 (Tex.Civ.App.Galveston, 1940, no writ).

These facts supported appellant's defenses and if believed by the jury, constituted a complete defense to appellee's suit.

We hold that a continuance should have been granted either under Rule 251 in that appellant was physically and mentally unable to undertake his defense and also under Rule 252 for want of testimony. We hold that appellant fulfilled the requirements of this latter rule under the circumstances with which he was faced.

■ From the facts presented here, the trial judge abused his discretion in not granting the continuance requested. In addition to the right to be physically and mentally able to aid in the preparation of his trial, a litigant also has the valuable right to be present at his trial for reasons that are obvious. The fact that the deposition in this case had not been completed cannot be attributed to negligence under the circumstances. Nor is the fact that there were other continuances in the past, which were presumably granted for good cause, a basis for a denial in this cause. See 12 Tex.Jur. 2d Continuance Sec. 23, p. 570 and the cases there cited.

The judgment of the trial court is reversed and the cause is remanded for trial.

Reversed and remanded.

O'QUINN, J., not sitting.