**Allen E. HUMPHREY, Appellant,**

v.

**Walter W. AHLSCHLAGER, Jr., Appellee.**

**No. 05–88–01426–CV.**

Court of Appeals of Texas, Dallas.

Aug. 3, 1989.

David Wills, Dallas, for appellant.

Leighton Aiken, James A. Pikl, Dallas, for appellee.

Before HOWELL, THOMAS and OVARD, JJ.

THOMAS, Justice.

This is an appeal from a judgment entered against appellant, Allen E. Humphrey. In a single point of error, Humphrey contends that the trial court abused its discretion in overruling his fourth motion for continuance. We disagree and affirm the trial court's judgment.

## FACTUAL BACKGROUND

Energy Fuel Corporation of America (EFCA), an original defendant in this cause of action, executed a promissory note payable to appellee, Walter W. Ahlschlager, Jr. At the same time, Humphrey, president of EFCA, executed a personal guaranty in favor of Ahlschlager. After EFCA failed to make three consecutive payments on the note, a default letter was sent to EFCA and Humphrey. On February 10, 1984, Ahlschlager filed this action against EFCA and Humphrey.

The original trial date was May 6, 1985. A motion for continuance, urged by EFCA, was granted on May 3, 1985, because new counsel had been hired. On September 30, 1986, Humphrey's oral deposition was taken. In November 1986, EFCA was nonsuited because it had filed for bankruptcy.

### A. Humphrey's First Motion For Continuance

On June 15, 1987, the parties were again scheduled for trial. On that date, Humphrey's counsel presented an oral motion for continuance. The basis for the motion was that Humphrey had suffered a heart attack within the twenty-four hour period preceding the trial date. Humphrey's unopposed motion was granted by the trial court.

### B. Humphrey's Second Motion For Continuance

By agreement of the parties, the trial court preferentially set the case for trial on December 7, 1987. Humphrey filed his second motion for continuance on December 1, 1987, requesting a six-month delay and alleging that he was still suffering from a severe heart condition which rendered him unable to attend the trial.

Ahlschlager protested the second motion for continuance, citing repeated delays caused by Humphrey. Ahlschlager requested that the court grant a continuance only upon the conditions that: (1) Humphrey be ordered to submit to an independent physical examination; (2) both parties be provided a copy of the examining doctor's findings; and (3) the parties be required to submit a recommendation to the court regarding a new trial date. The trial court granted Humphrey's second motion for continuance with an order essentially meeting all of Ahlschlager's conditions.

The record does not include the results of the independent physical examination by Dr. Charles L. Harris. However, presumably based upon these findings, the matter was specially set for May 31, 1988.

### C. Humphrey's Third Motion For Continuance

Fourteen days prior to trial, Humphrey filed his third motion for continuance, reiterating his severe heart problems together with a new physical complaint. This motion was unopposed by Ahlschlager. An order was entered by the trial court granting the motion with the stipulation that a second physical examination of Humphrey was to be performed. Dr. Harris filed a letter with the court, which neither affirmatively stated that Humphrey was able to attend trial nor that he was unable to attend trial. It merely concluded that it "appears that the patient has developed a new medical problem that will require further evaluation by a neurologist." At the end of June 1988, the trial court set the case for trial on October 17, 1988.

### D. Humphrey's Fourth Motion For Continuance

On October 11, 1988, Humphrey filed his fourth motion for continuance containing the same basic reiterations of his health problems. This motion was supplemented by a lengthy affidavit from Humphrey, as well as letters from Humphrey's cardiologist and neurologist. Both physicians were of the opinion that Humphrey's condition was unchanged and, therefore, he was not well enough to participate in a trial.

This fourth motion was vigorously opposed by Ahlschlager. Attached to Ahlschlager's response was an excerpt from Humphrey's deposition. This excerpt demonstrated that Humphrey admitted that he had no personal knowledge concerning certain offsets claimed as affirmative defenses in his second and third amended original answers, but that other persons had knowledge of the facts supporting the offsets. Further, Ahlschlager supplemented his response with records from Humphrey's country club which indicated that Humphrey had regularly played golf at the club from December 1985 through, at least, May 1988.

After considering the motion, response, and oral arguments, the trial court overruled Humphrey's fourth motion for continuance. By agreement, the jury request was withdrawn. Before the start of trial, Humphrey's counsel withdrew, pursuant to Humphrey's specific instructions. Following the judgment in favor of Ahlschlager, Humphrey filed this appeal.

### DENIAL OF FOURTH MOTION FOR CONTINUANCE

In a single point of error, Humphrey asserts that the trial court abused its discretion in overruling his fourth motion for continuance because he was "unable to appear, personally or by deposition, to present his defenses." Each written motion contained the following language:

[Humphrey] is the principal witness to the transactions out of which this litigation has arisen and is the only potential witness who has personal knowledge of the circumstances of the transactions that constitute the subject matter of this litigation. [Humphrey's] testimony at trial will relate to the affirmative defenses asserted in Defendant's First Amended Original Answer filed June 1, 1987. Such testimony cannot be otherwise procured and has not been heretofore reduced to writing.

Accompanying all of Humphrey's written motions for continuance were affidavits or letters from his treating physicians, as well as Humphrey's personal affidavits, detailing his physical complaints. No mention was made in any of Humphrey's motions or affidavits regarding the existence of his deposition of September 30, 1986, or its alleged incompleteness. Further, no specific facts were set forth in the motions or affidavits as to the details of the testimony Humphrey would present at trial.

### A. Standard of Review

■ The granting of a continuance rests within the sound discretion of the trial court. *Hernandez v. Heldenfels*, 374

S.W.2d 196, 202 (Tex.1963). Mere absence of a party does not automatically entitle him to a continuance. *Erback v. Donald*, 170 S.W.2d 289, 291 (Tex.Civ.App.—Fort Worth, writ ref'd w.o.m.). Also, the motion should contain some prognosis as to when or if the witness will ever be able to testify. *Jones v. John's Community Hosp.*, 624 S.W.2d 330, 332 (Tex.App.—Waco 1981, no writ).

The requisites for an application for continuance are set forth in rule 252 of the Texas Rules of Civil Procedure, which states, in part, "If the ground of such application be the want of testimony, the party applying therefor shall make affidavit that such testimony is material, showing the materiality thereof, and that he has used due diligence to procure such testimony, stating such diligence...."

### B. Due Diligence

■ When a motion for continuance is based upon the absence of a party, there must be a showing of diligence in attempting to obtain the required testimony. The due diligence requirement in procuring a witness's testimony has been considered by a number of courts when a motion for continuance has been based upon the illness of a witness. In *Shannon v. Marchbanks*, 35 Tex.Civ.App. 615, 80 S.W. 860 (1904, writ ref'd), the trial court refused to grant the defendant's motion for continuance, although it was shown by affidavit that she was old and feeble in mind and body. In upholding the trial court's ruling, the court of appeals reasoned that the defendant had been ill since the inception of the suit and that proper diligence had not been exercised to obtain her testimony by deposition. The defendant's deposition had been taken previously, but a complete copy was not in the record. Therefore, the court of appeals also held that, without the entire deposition, it could not determine whether the defendant testified fully. *Shannon*, 80 S.W. at 862; *see also A.E. Swift & Sons, Concrete Contractors, Inc. v. Sam Sanders, Inc.*, 405 S.W.2d 402, 403 (Tex.Civ.App.—Amarillo 1966, no writ); *J.C. Penney Co. v. Duran*, 479 S.W.2d 374, 380 (Tex.Civ.App.—San Antonio 1972, writ ref'd n.r.e.).

### B. Materiality of Testimony

Further, there is a necessity to show by affidavit the materiality of the testimony to be offered by the absent witness. In *Wilson Fin. Co. v. State*, 342 S.W.2d 117, 121 (Tex.Civ.App.—Austin 1961, writ ref'd n.r. e.), the trial court overruled the defendants' motion for continuance based upon the illness of one of their witnesses. The motion alleged that the testimony of the absent witness was material because he was the manager of the business of one of the defendants and was the only person having complete knowledge of the operation of the business during the time involved in the suit. However, the motion did not state what was expected to be proved by the witness. In sustaining the trial court's decision, the court of appeals held that the motion did not meet the requirements of rule 252 and further stated:

> [The motion] does not say what testimony the witness would give, how it is material or that it is admissible.... We think the trial court was not called on to make an independent examination of the answer to speculate as to the materiality and admissibility of evidence that might be relevant to the alleged affirmative defenses. The allegations of the motion were not sufficient to enable the trial court to determine the materiality of the absent witnesses' testimony, nor to permit the opposing party to admit its truth and thereby prevent a delay of the trial.

*Wilson*, 342 S.W.2d at 121; *see also Marsh v. Williams*, 154 S.W.2d 201, 203 (Tex.Civ. App.—Beaumont 1941, writ ref'd w.o.m.); *Berry v. Berry*, 257 S.W.2d 780 (Tex.Civ. App.—Eastland 1953, no writ).

Our case appears to be factually and legally on point with *Connor v. Wright*, 737 S.W.2d 42 (Tex.App.—San Antonio 1987, no writ). The defendant in *Connor*, suffering from iritis and hypertensive cardiovascular disease, filed three motions for continuance based upon her illness. These motions were supported by affidavits from her treating physician stating that she was physically unable to testify either by deposition or in court. The motions also stated

that the defendant was the only witness with personal knowledge of the circumstances and transactions giving rise to the lawsuit, and that her testimony was required for trial and could not be obtained from any other source. In affirming the trial court's decision to overrule the third motion for continuance, the *Connor* court concentrated on the failure of defendant's counsel to set forth the proposed testimony he intended to elicit from his client, or to set forth any facts as to the due diligence used in attempting to obtain her deposition. Further, there was no averment as to when the defendant would be able to testify.

Humphrey's fourth motion for continuance has the same deficiencies as those enumerated in *Connor*. There is no evidence in our record to show that Humphrey's counsel made any attempts to have his client deposed in an informal, nonstressful setting. Humphrey argues in his motion for continuance that his illness made it impossible for him to appear at trial or to be subjected to a deposition. This position is basically corroborated by the affidavits of his treating physicians. However, in light of the evidence presented indicating that Humphrey was well enough to regularly play golf during much of the pendency of this suit, we cannot say that the trial court abused its discretion in overruling Humphrey's motion. It may have legitimately appeared to the trial court that he could have also been deposed without negative consequences.

We further note that Humphrey made no averment in his fourth motion for continuance to suggest that his deposition testimony was incomplete with regard to his affirmative defenses, except for the standard statement that his testimony could not be otherwise procured and had not yet been reduced to writing. The motion likewise does not meet the materiality requirement of rule 252. The language is overly broad and does not set forth one specific fact about which Humphrey would testify to at trial. Humphrey's affidavit attached to his motion was equally lacking in specifics. In addition, it appears from his deposition that Humphrey was not the only potential witness who had personal knowledge of the circumstances of the transactions surrounding this litigation. Finally, Humphrey failed to set forth any specific time period within which he could be expected to be able to testify, as required by *Shannon* and *Jones*. Humphrey's motion merely requests a six-month continuance, after which his condition would be reevaluated and another trial date set.

To support his contention, Humphrey relies upon *Burke v. Scott*, 410 S.W.2d 826 (Tex.Civ.App.—Austin, 1967, writ ref'd n.r. e.), where the court of appeals held that the trial judge abused his discretion in denying defendant's motion for continuance when the defendant and his key witness were both too ill to attend trial. We find important differences between the facts in *Burke* and the facts before us. First, an attempt was made to depose the defendant in *Burke*, even though he was seriously ill and bedridden. Second, Burke's motion set out the facts to which he and his key witness would testify at trial. Lastly, the motion in *Burke* set forth specific time periods within which the court could expect the defendant to be available for trial and his witness to have recovered enough to be deposed.

We hold that the trial court did not abuse its discretion in denying Humphrey's fourth motion for continuance and overrule the sole point of error. The trial court's judgment is affirmed.