In re K.M., K.M., and K.M.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-349-CV

IN THE INTEREST OF K.M., K.M., AND K.M. 

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant C.F. appeals the trial court’s judgment terminating her parental rights to her three children.  We will affirm.

II.  Background Facts

In July 2000, the Texas Department of Protective and Regulatory Services took possession of appellant’s three children, two three-year-old twins and a one-year-old, and placed them in foster care after learning that appellant left them alone without adult supervision while she was in jail for a probation violation.  After appellant was released from jail, the Department created a service plan for her to regain custody of her children.  As part of her service plan, appellant was to maintain stable employment, locate and maintain stable housing suitable for her and the children, obtain a drug assessment and a psychological evaluation, and attend parenting classes.  Appellant attended only one parenting class.  She also failed to obtain and maintain stable employment and housing and to complete a drug assessment and a psychological evaluation.

Appellant visited her children only eight times out of forty-two scheduled visits, and these visits were sporadic.  During the few visits she did make, the children did not appear to know her and clung to the caseworker more than they did appellant.  Appellant also never paid any money to the Department for her children’s support and never indicated any intent to establish a relationship with the two youngest children.  Although appellant believed she did not need the services offered by the Department, she indicated to her caseworker that she would participate in her service plan.  Appellant, however, never followed through with doing so.

The children are doing well in foster care and appear bonded with their foster families.  Appellant did not provide the Department with any relatives’ names to seek out as a possible placement for her children, nor was the Department able to locate any relative or other person with whom the children could be placed.  Additionally, although appellant was made aware of the hearing to terminate her parental rights, she did not attend the hearing and had indicated previously to her caseworker that she did not wish to attend.  The Department caseworker testified that she believed it was in the children’s best interest to terminate appellant’s parental rights and to place them for adoption. On May 31, 2001, the trial court entered a judgment terminating appellant’s parental rights to all three children, finding that appellant had (1) knowingly placed or knowingly allowed her children to remain in conditions or surroundings that endangered their emotional or physical well-being; (2) engaged in conduct or knowingly placed her children with persons who engaged in conduct that endangered their emotional and physical well-being; and (3) constructively abandoned her children.  
See
 
Tex. Fam. Code Ann.
 § 161.001(1)(D), (E), (N), (2) (Vernon 2002).  The court also found that termination of appellant’s parental rights was in the children’s best interest.  
See id.
 § 161.001(2). 
 Appellant’s motion for new trial was overruled by operation of law.

III.  Anders Brief

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in her professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California,
 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.

In an opinion issued in this case on February 6, 2003, we held that 
Anders
 procedures apply to termination of parental rights cases.  
See In re K.M., K.M., & K.M.
, 98 S.W.3d 774, 777 (Tex. App.—Fort Worth 2003, order).  In accordance with that opinion, we abated this case to the trial court to determine whether appellant had been properly informed of her attorney’s opinion that her appeal is frivolous; whether appellant had been provided with a copy of her attorney’s motion to withdraw and a copy of the brief in support of that motion; whether appellant had been advised of her right to file a pro se brief and her right to review the record; whether appellant had been provided instructions on how to file her own pro se brief; and whether appellant wished to prosecute her appeal or whether she had abandoned her appeal.  
See id.
 Following a hearing, the trial court found that appellant wished to abandon her appeal.  The record from that hearing also shows appellant was informed of her counsel’s motion to withdraw on the ground that her appeal was frivolous and of her right to file a pro se brief and to review the record.  Appellant has failed to file a brief.

We conclude that the record supports the trial court’s conclusion that appellant no longer wishes to prosecute her appeal and that she has abandoned her appeal.  Additionally, we have undertaken an independent examination of the record to determine if there is any arguable ground that may be raised on appellant’s behalf.  
See Stafford v. State,
 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

In counsel’s brief, she raises six potential arguments on appeal, but concludes that none would be meritorious.  In the first argument, counsel states that the trial court erred in denying her motion for continuance on the basis that appellant failed to show for the final termination hearing.  The record shows appellant was aware of the hearing and had recently been in contact with her caseworker regarding the hearing, but nevertheless failed to appear.

A motion for continuance must be sworn and in writing. 
Tex. R. Civ. P.
 251; 
Villegas v. Carter,
 711 S.W.2d 624, 626 (Tex. 1986); 
In re T.T.,
 39 S.W.3d 355, 361 (Tex. App.—Houston [1
st
 Dist.] 2001, no pet.).  A trial court is not required to grant a motion for continuance merely because a party is unable to attend trial.  
Humphrey v. Ahlschlager,
 778 S.W.2d 480, 483 (Tex. App.—Dallas 1989, no writ). When a party fails to comply with the requirements of rule 251, the trial court does not abuse its discretion in denying the motion.  
In re T.T.,
 39 S.W.3d at 361.

Here, counsel for appellant made an oral motion for continuance, unsupported by affidavit or sworn testimony, to which the Department objected.  Thus, appellant’s motion for continuance did not comply with the requirements of rule 251.  Accordingly, we conclude the trial court did not abuse its discretion in denying the motion for continuance.

In the second possible argument on appeal, counsel states that the Department’s petition to terminate appellant’s parental rights is defective.  A petition is sufficient if it alleges the statutory ground that supports termination under section 161.001(1) and that termination is in the best interest of the child.  
Tex. Fam. Code Ann.
 § 161.001(1), (2).  We have reviewed the petition and conclude that it complies with the specific statutory requirements of section 161.001.

In the third, fourth, fifth, and sixth possible arguments on appeal, counsel states that the evidence is both legally and factually insufficient to support the court’s findings under section 161.001(1)(D), (E), and (N) and to support the finding that termination is in the children’s best interest.  Applying the appropriate standards of review, and considering all the evidence presented, we conclude the evidence is both legally and factually sufficient to support the trial court’s judgment terminating appellant’s parental rights to her three children. 
See In re J.F.C.,
 96 S.W.3d 256, 265-66 (Tex. 2002) (defining legal sufficiency standard of review in termination cases); 
In re C.H.,
 89 S.W.3d 17, 25 (Tex. 2002) (defining factual sufficiency standard of review in termination cases).

IV.  Conclusion

After independently reviewing the record, we agree with appellate counsel’s determination that any appeal from this case would be frivolous. Accordingly, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER, J., CAYCE, C.J., and DAY, J.

DELIVERED: May 1, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.