**Affirmed and Memorandum Opinion filed June 19, 2012.**



**In The**

# Fourteenth Court of Appeals

————————————————

**NO. 14-11-00416-CV**

————————————————

**DOYLE MURPHREE, Appellant**

**V.**

**LUCY M. COOPER, Appellee**

**On Appeal from the County Court at Law No. 3**
**Galveston County, Texas**
**Trial Court Cause No. CV-63,278**

## MEMORANDUM OPINION

This is an appeal from a final judgment.   Appellant, Doyle Murphree, contends that the trial court abused its discretion in denying his motion for continuance.   We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellee, Lucy M. Cooper, contracted to pay $535.00 per month for a home she rented from appellant.[1]   Part of her rent, $165.00, was paid directly to appellant every

---

[1] The background facts within the record are limited due to the brevity of the record, the absence of

month by a housing assistance group.[2] Starting in April 2009, the housing assistance group began making appellee's full rental payment of $535.00 per month. Unaware of the additional assistance, appellee continued to make her monthly rent contribution of $370.00 directly to appellant. It was not until a full year later, May 2010, that appellee learned of the increased assistance and her overpayments. Appellee sued appellant in small claims court in Galveston County for the recovery of $4,440.00—the additional rent payments made to appellant. The small claims court rendered a judgment for appellee in the amount of $4,440.00 plus $91.00 in court costs. The judgment noted that both appellee and appellant appeared before the court and announced ready for trial. Subsequently, appellant filed his notice of appeal to have the case heard in the county court at law.

The day before the suit was scheduled to be called for trial in the county court, appellant filed a motion for continuance. Appellant did not set the motion for a hearing. The following day, the suit was called as scheduled and testimony was taken. The order issued by the county court reveals that appellee was present but that appellant failed to appear. Following trial, the trial court entered judgment for appellee.

## MOTION FOR CONTINUANCE

Appellant argues that the trial court abused its discretion in denying his motion for continuance.

### A. Preservation of Error

A trial court is not required to consider a motion that is not brought to its attention. *In re Smith*, 263 S.W.3d 93, 96 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *Metzger v. Sebek*, 892 S.W.2d 20, 49 (Tex. App.—Houston [1st Dist.] 1994, writ denied). Showing that a motion was filed with the court clerk does not constitute proof that the

---

a brief from appellee, and the complete absence of background facts in appellant's brief.

[2] It is unclear from the record which housing assistance group was involved.

2

motion was brought to the trial court's attention or presented to the trial court with a request for a ruling. *Smith*, 263 S.W.3d at 96; *see also Quintana v. CrossFit Dallas, L.L.C.*, 347 S.W.3d 445, 448–49 (Tex. App.—Dallas 2011, no pet.) (filing of motion for continuance, as well as setting the motion for hearing, was insufficient to bring the motion to the attention of the trial court). Where the record does not show that the motion for continuance was filed and brought to the attention of the trial court before the final judgment was rendered, error will not be preserved. *See* Tex. R. App. P. 33.1(a); *Smith*, 263 S.W.3d at 96.

In this case, appellant filed the motion for continuance in the late afternoon the day before trial was to begin.[3] He did not set the motion for a hearing. Neither appellant, nor his counsel appeared at the trial setting. Accordingly, no one was present at the trial to ensure that the merits of the motion for continuance were heard. Instead, testimony was taken and a final judgment was rendered for appellee. Such failures render error, if any, unpreserved. *See* Tex. R. App. P. 33.1(a); *Smith*, 263 S.W.3d at 96; *see also Approximately $1,013.00 v. State*, No. 14-10-01255-CV, 2011 WL 5998318, at *1–2 (Tex. App.—Houston [14th Dist.] Dec. 1, 2011, no pet.) (mem. op.).

Because the record does not show that the motion for continuance was presented to the trial court with a request for a ruling or otherwise brought to the attention of the court before the final judgment was rendered, appellant has failed to preserve this issue for appellate review. *See* Tex. R. App. P. 33.1(a); *In re Smith*, 263 S.W.3d at 96; *Metzger*, 892 S.W.2d at 49.

---

[3] The time stamp on the Motion indicates it was filed on April 5, 2011 at 3:22 p.m.

3

## B.  Discretion of the Trial Court

Even if appellant had preserved error and the trial court had denied the motion for continuance, we would still conclude that the trial court did not abuse its discretion. Appellant contends that because his "illness and hospitalization prevented his appearance" and because his counsel had a conflicting trial setting in another court, the trial court abused its discretion in denying his motion.

The denial of a motion for continuance is reviewed for an abuse of discretion. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.* Unless the record discloses a clear abuse of that discretion, the trial court's action in granting or refusing a motion for continuance will not be disturbed. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986).

A continuance shall not be granted except for sufficient cause, supported by affidavit, or by consent of the parties, or by operation of law. Tex. R. Civ. P. 251. The absence of a party does not entitle him to a continuance. *Briscoe v. Goodmark Corp.*, 130 S.W.3d 160, 169 (Tex. App.—El Paso 2003, no pet.); *Humphrey v. Ahlschlager*, 778 S.W.2d 480, 483 (Tex. App.—Dallas 1989, no writ.). The motion should set forth "sufficient cause" for the absence, set forth the circumstances surrounding the absence, and the due diligence involved in attempting to avoid conflict or absence. *See Briscoe*, 130 S.W.3d at 169–70 (analyzing missing party like missing witness and finding continuance motion insufficient because it did not specify the materiality of the testimony, when the witness/party would be available, and did not establish the due diligence of either the party or the attorney in obtaining a continuance); *Humphrey*, 778 S.W.2d at 483–84 (holding trial court did not abuse discretion in denying fourth motion for continuance despite party's illness with attached notes from doctors, where there was no evidence that party's counsel had attempted to have party deposed, and motion did not set forth party's expected

testimony).   In addition, if a witness or party is unavailable because of illness, the affidavit of a doctor should be attached.   *Hawthorne v. Guenther*, 917 S.W.2d 924, 930 (Tex. App.—Beaumont 1996, writ denied); *Olivares v. State*, 693 S.W.2d 486, 490 (Tex. App.—San Antonio 1985, writ dism'd); *see also Burke v. Scott*, 410 S.W.2d 826, 827 (Tex. Civ. App.—Austin 1967, writ ref'd n.r.e.).

Here, the motion for continuance states that "[appellant] currently is hospitalized and/or recovering from heart surgery and is not capable of proceeding to trial at this time." The motion did not detail appellant's hospitalization—how long he had been hospitalized, or how recently he had surgery.   It did not include an affidavit, or even a note, from appellant's doctor explaining the circumstances of his hospitalization, or a realistic time frame in which recovery could be expected.   Additionally, there was no indication of whether counsel expected appellant to testify, whether any such testimony was material, whether he could have been deposed, and the steps counsel had taken to avoid appellant's absence.   *See Briscoe*, 130 S.W.3d at 169–70; *Hawthorne*, 917 S.W.2d at 930; *Humphrey*, 778 S.W.2d at 483–84.

The motion for continuance also lists trial counsel's trial settings conflicting with the trial setting in this case.   Trial counsel was apparently scheduled to appear in three other courts across the state of Texas on the same day as he was scheduled for trial in this case.   Generally, the absence of counsel does not constitute good cause for a continuance. Tex. R. Civ. P. 253; *see also R.M. Dudley Const. Co. v. Dawson*, 258 S.W.3d 694, 701 (Tex. App.—Waco 2008, pet. denied); *In re K.A.R.*, 171 S.W.3d 705, 709–11 (Tex. App.—Houston [14th Dist.] 2005, no pet.).   However, if trial counsel is absent and good cause is shown, it is within the trial court's discretion to grant a continuance.   *See* Tex. R. Civ. P. 253; *Villegas*, 711 S.W.2d at 626.

The record indicates appellant and his counsel failed to attend both the pretrial conference and trial.   Despite multiple conflicting settings, trial counsel did not file the

motion for continuance earlier than the day before trial. Additionally, the motion was never set for hearing, and trial counsel did not make an appearance when the case was called for trial. The motion fails to state why steps were not taken earlier to avoid the conflicting settings. *See Dawson*, 258 S.W.3d at 701; *Reyna v. Reyna*, 738 S.W.2d 772, 775 (Tex. App.—Austin 1987, no writ) (counsel failing to take reasonable steps to avoid conflict). Additionally, it is unclear from this record whether appellant attempted to resolve the trial setting conflicts as soon as counsel was aware of them. *See In re K.A.R.*, 171 S.W.3d at 711; *Spearman v. Tex. Dept. of Corr.*, 918 S.W.2d 23, 24–25 (Tex. App.—Eastland 1996, no writ) (attorney did not promptly notify the trial court of the conflicting settings).

Appellant argues that under the regional rules of the Second Administrative Judicial Region, of which Galveston County is a part, the trial setting in the other county should have taken precedence over this case. *See* Sec. Admin. Jud. Reg., Reg. R. Admin., Rule 10.2.2.6 ("Courts in metropolitan County areas should yield to Courts in rural County areas in all other instances of conflicting settings."). He argues that because the trial court did not yield to the rural court's setting, the trial court abused its discretion. However, Rule 10.2.1 states that it is the duty of the attorney with conflicting trial settings to notify the affected courts of the conflicting trial settings as soon as they are known. *See* Sec. Admin. Jud. Reg., Reg. R. Admin., 10.2.1; *see also In re K.A.R.*, 171 S.W.3d at 710–11 (holding trial court did not abuse its discretion in denying a continuance motion even though counsel had a conflicting setting with alleged priority under Rule 10 because counsel did not seek a continuance or notify the trial court of the conflict until three days before the trial was to begin). While the record is silent as to whether the trial court called the other court to confirm the conflicting setting, the record is also silent as to any action counsel took to avoid the conflict as soon as it was known. *See In re K.A.R.*, 171 S.W.3d at 711; *Spearman*, 918 S.W.2d at 24–25.

6

Accordingly, for the reasons stated above, even if appellant had preserved error by presenting the motion for continuance to the trial court, the trial court would not have abused its discretion in denying the motion.

**CONCLUSION**

We overrule appellant's sole issue on appeal and affirm the trial court's judgment.

/s/     Leslie Brock Yates
Senior Justice

Panel consists of Justices Seymore, Boyce, and Yates. [4]

---

[4] Senior Justice Leslie Brock Yates sitting by assignment.

7