**AFFIRMED and Opinion Filed November 7, 2022**



In The

**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00146-CV**

**SUZANNE HITSELBERGER, Appellant**
**V.**
**LOUIS BAKOS, Appellee**

**On Appeal from the 256th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-19-18280**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Goldstein
Opinion by Justice Goldstein

Suzanne Hitselberger appeals from the trial court's final decree of divorce. In three issues, Hitselberger argues the trial court abused its discretion by denying her motion for continuance, characterizing the marital residence as community property, and failing to award her spousal maintenance. We affirm the trial court's judgment.

## BACKGROUND

Hitselberger and Louis Bakos were married in September 2002 and stopped living together in September 2019. In September 2019, Bakos[1] filed his original petition for divorce. In November 2019, Hitselberger filed a counterpetition for divorce. Prior to commencement of the bench trial on August 26, 2020, the trial court heard argument concerning Hitselberger's motion for a continuance. Hitselberger's counsel informed the court that Hitselberger was admitted to the hospital the day before trial for "mental health issues" and sought a continuance on that basis. Bakos' counsel responded that previously, in November 2019, Hitselberger had voluntarily checked herself into a mental facility "on the eve of a contested – what she would suspected to be a final hearing." Bakos' counsel argued that Bakos was "entitled to be free" of Hitselberger because he was paying $2400 per month in temporary spousal maintenance that was "entered against him many, many, many months ago" and also paying the debt service on Hitselberger's credit cards. Bakos counsel stated he understood if the trial court was inclined to grant the motion for continuance "given the exact circumstances," but he asserted Bakos needed "relief today on this $2400.00 a month" in temporary spousal maintenance that "would have ended today." Bakos' counsel reminded the court that

---

[1] This Court received a suggestion of death that Bakos passed away in January 2022. This appeal is proceeding forward with the appearance of the Temporary Administrator appointed for the Estate of Louis Michael Bakos.

–2–

Hitselberger's counsel's motion to withdraw remained pending, and Bakos had paid $7000 directly to Hitselberger's counsel for the "huge amount of time" spent in trial preparation. Bakos' counsel stated that, if Hitselberger's counsel withdrew, it would "restart this process" with a new attorney who would require new fees. The trial court expressed concern that, if the case was reset, it would "probably be January before I get back to it." The trial court then denied the motion for continuance.

At the trial that followed, Bakos testified that, prior to the marriage, Bakos purchased a residence in Dallas but added Hitselberger to the deed during the marriage. However, the deed was not admitted into evidence. Sworn inventory and appraisement documents filed by Bakos and Hitselberger both listed the marital residence as community property.

Regarding Hitselberger's employment history, Bakos testified Hitselberger worked as a real estate agent since 2016. Even though Hitselberger had been on SSI disability insurance since 2001 or 2002, Bakos testified, she continued to work at various jobs: "a job at Centex for awhile working in the office"; work at "LaunchAbility as a trainer"; running a swim school for "a couple of summers"; and work as an interior decorator, substitute teacher, and real estate agent.

Psychiatrist Robert Freele testified Hitselberger had been one of his patients for about ten years and experienced major depressive disorder, posttraumatic stress disorder, alcohol dependence, and cannabis abuse. Freele described passive suicidal thoughts as "where you wish you were dead" and testified Hitselberger reported

suicidal thoughts "since I met her off and on" and the suicidal thoughts were usually passive. When asked about Hitselberger's ability to work, Freele testified he had "not determined that she's disabled from working" but "just stated that she does not work." Freele recalled that Hitselberger had been working on getting a real estate license, but he did not remember if she "finally got it or was working or not." When asked if it was his opinion that Hitselberger was permanently disabled and unable to work, Freele testified he had "no idea" and had "not evaluated [Hitselberger] for that."

On October 1, 2020, the trial court entered a memorandum ruling that, among other things, granted the divorce, denied spousal support, and made the following disposition of marital property:

> The Court finds that wife and husband each have grounds for an unequal division of the marital property; however, the Court will offset their claims for unequal division and grant essentially an equal division. The Court awards the husband the marital property as his sole and separate property. The marital assets shall be awarded as outlined in the following spreadsheet and is conditioned upon the payment of the attorney fees herein.[2] Community personal property is awarded to the party in possession or their control.

The spreadsheet attached to the memorandum ruling, after making various awards to Bakos including attributing $85,059 for the marital residence[3] and a lesser percentage of the 401k in the amount of $39,514 and awards to Hitselberger

---

[2] Bakos ordered to pay $14,000 in attorneys' fees from the home equity loan (HELOC) by a date certain.

[3] The value was determined by establishing the fair market value, less the mortgage and the HELOC.

including $87,786.00 from the 401(k) and an automobile valued at $20,300, minus credit card and other debt, reflected that the total value of the assets/debt was $53,090 and awarded an equal share of $26,545 to each. On December 2, 2020, the court entered its Final Decree of Divorce and Hitselberger's motion for new trial was denied by operation of law.[4] This appeal followed.

## DENIAL OF CONTINUANCE

In her first issue, Hitselberger complains the trial court abused its discretion by denying her motion for continuance. Specifically, Hitselberger argues her absence from trial denied her the ability to participate in her trial and aid her counsel and her testimony was material "as only she can corroborate that she suffered years of domestic violence and abuse throughout the marriage by husband."

We review the denial of a motion for continuance for an abuse of discretion. *Wal–Mart Stores Tex., LP v. Crosby*, 295 S.W.3d 346, 356 (Tex. App.—Dallas 2009, pet. denied). The denial will be reversed only if the trial court's action was arbitrary, unreasonable, or without reference to any guiding rules and principles. *Garner v. Fidelity Bank, N.A.*, 244 S.W.3d 855, 858 (Tex. App.—Dallas 2008, no pet.). A party moving for continuance must show sufficient cause supported by affidavit, consent of the parties, or by operation of law. TEX. R. CIV. P. 251. Failure to comply with this requirement creates a rebuttable presumption that the trial court

---

[4] Despite requests for findings of fact and conclusions of law, none were entered by trial court.

did not abuse its discretion in denying a motion for continuance. *Moffitt v. DSC Fin. Corp.*, 797 S.W.2d 661, 663 (Tex. App.—Dallas 1990, writ denied). Whether a continuance should be granted is to be judged in light of facts before the trial judge at the time the motion is presented. *Aguilar v. LVDVD, L.C.*, No. 08-01-00438-CV, 2002 WL 1732520, at *3 (Tex. App.—El Paso July 25, 2002, pet. denied) (not designated for publication) (citing *Gulf Ins. Co. v. Dunlop Tire and Rubber Corp.*, 584 S.W.2d 886, 889 (Tex. Civ. App.—Dallas 1979, writ ref'd n.r.e.)).

In family law cases, the abuse-of-discretion standard of review overlaps with the traditional sufficiency standards of review; as a result, insufficiency of the evidence is not an independent ground of reversible error, but instead constitutes a factor relevant to our assessment of whether the trial court abused its discretion. *In re A.B.P.*, 291 S.W.3d 91, 95 (Tex. App.—Dallas 2009, no pet.). To determine whether the trial court abused its discretion, we consider whether the trial court (i) had sufficient evidence upon which to exercise its discretion and (ii) erred in its exercise of that discretion. *Id.* We conduct the applicable sufficiency review with regard to the first question. *Id.* We then proceed to determine whether, based on the elicited evidence, the trial court's decision "was neither arbitrary nor unreasonable." *Moroch, v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied). A trial court does not abuse its discretion if it bases its decision on conflicting evidence as long as there is some evidence of a substantive and probative character to support

the decision. *In re S.N.Z.*, 421 S.W.3d 899, 911 (Tex. App.—Dallas 2014, pet. denied); *Moroch*, 174 S.W.3d at 857.

Mere absence of a party does not automatically entitle him to a continuance. *Humphrey v. Ahlschlager*, 778 S.W.2d 480, 483 (Tex. App.—Dallas 1989, no writ). When a motion for continuance is based upon the absence of a party, there must be a showing of diligence in attempting to obtain the required testimony. *Id.* The due diligence requirement in procuring a witness' testimony has been considered by a number of courts when a motion for continuance has been based upon the illness of a witness. *Id.* Further, there is a necessity to show by affidavit the materiality of the testimony to be offered by the absent witness. *Id.*

Here, Hitselberger filed her motion for continuance on the day before the case was set for trial. The motion stated that Hitselberger's counsel was notified that Hitselberger was checked into the hospital "due to suicidal ideation and other mental health issues that threatened her life and safety." The motion requested "at least a 90-day continuance" due to Hitselberger's admission to the hospital. The motion for continuance contained the attorney's verification that the "statements contained in the motion [were] within [her] personal knowledge and [were] true and correct."

However, the motion was not supported by an affidavit demonstrating sufficient cause for the continuance. *See* TEX. R. CIV. P. 251. The motion neither reflected whether there was any effort during the pendency of the case to procure her testimony nor did Hitselberger otherwise attempt, either in her motion or at the

hearing on the motion, to establish the substance of the testimony she was prevented from presenting or the materiality of such testimony to the relevant issues. *See Humphrey*, 778 S.W.2d at 483. Under these circumstances, we conclude the trial court did not abuse its discretion in denying Hitselberger's motion for continuance. *See Garner*, 244 S.W.3d at 858. We overrule Hitselberger's first issue.

## MARITAL RESIDENCE AS COMMUNITY PROPERTY

In her second issue, Hitselberger argues the trial court abused its discretion by determining the marital residence was community property and awarding the marital residence to Bakos. Hitselberger complains that Bakos purchased the marital residence before the marriage, and the deed to Bakos and Hitselberger during the marriage vested in each of them a one-half separate property interest in the marital residence. With each spouse owning one-half of the marital residence, Hitselberger argues, "the only option the trial court had was to order the sale of the marital residence with the proceeds being split equally.

When reviewing an alleged property characterization error, we must determine whether the trial court's finding is supported by clear and convincing evidence and whether the characterization error, if established, was an abuse of discretion. *Magness v. Magness*, 241 S.W.3d 910, 912 (Tex. App.—Dallas 2007, pet. denied). We must indulge every reasonable presumption in favor of the trial court's proper exercise of its discretion in dividing marital property. *Sink v. Sink*, 364 S.W.3d 340, 343 (Tex. App.—Dallas 2012, no pet.). We will reverse the ruling

–8–

of the trial court only if the record demonstrates that the trial court clearly abused its discretion, and the error materially affected the just and right division of the community estate. *Id.*

When the burden of proof at trial is by clear and convincing evidence, we apply a higher standard of legal and factual sufficiency review. *Id.* at 344. Clear and convincing evidence is defined as that "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007; *Sink*, 364 S.W.3d at 344. In reviewing the evidence for legal sufficiency, we look at all the evidence in the light most favorable to the judgment to determine if the trier of fact could reasonably have formed a firm belief or conviction that its finding was true. *See Moroch*, 174 S.W.3d at 858. We must assume that the fact finder resolved disputed facts in favor of its finding if a reasonable fact finder could do so. *Id.* In reviewing the evidence for factual sufficiency, we must give due consideration to evidence that the fact finder could reasonably have found to be clear and convincing and then determine whether, based on the record, a fact finder could reasonably form a firm conviction or belief that the allegations in the petition were proven. *Sink*, 364 S.W.3d at 344.

Bakos testified that he purchased the marital residence before the marriage and deeded the residence to himself and Hitselberger during the marriage. Although neither Bakos nor Hitselberger introduced copies of the purchase documents or the

purported deed, the purchase and deed transactions are not disputed and each filed a sworn inventory and appraisement listing the marital residence as community property. While Hitselberger complains that she was entitled to her half of the marital residence,[5] she does not dispute the ultimate equitable division of all assets and debt allocation as part of the court's efforts to enter an "essentially equal [property] division," awarding a total of $26,545 each to Bakos and Hitselberger. Under these circumstances, we conclude the trial court did not abuse its discretion in characterizing the marital residence as community property. *See Sink*, 364 S.W.3d at 344; *Magness*, 241 S.W.3d at 912. We overrule Hitselberger's second issue.

## SPOUSAL MAINTENANCE

In her third issue, Hitselberger complains the trial court abused its discretion in failing to award her spousal maintenance. Hitselberger asserts the evidence showed that she is "unable to work as a result of her medical diagnoses."

We review the trial court's decision whether to award spousal maintenance under an abuse of discretion standard. *Tellez v. Tellez*, 345 S.W.3d 689, 691 (Tex. App.—Dallas 2011, no pet.). The purpose of spousal maintenance is to provide temporary and rehabilitative support for a spouse whose ability to support herself has eroded over time while engaged in homemaking activities and whose capital

---

[5] We note there is no challenge as to the amounts allocated for the fair market value or the amounts assigned for the mortgage and HELOC debt deductions, which debts were assigned to Bakos in the final decree.

–10–

assets are insufficient to provide support. *See Deltuva v. Deltuva*, 113 S.W.3d 882, 888 (Tex. App.—Dallas 2003, no pet.). A trial court may exercise its discretion and award spousal maintenance if the party seeking maintenance meets specific eligibility requirements. *See* TEX. FAM. CODE ANN. § 8.051(2); *Pickens v. Pickens*, 62 S.W.3d 212, 214–15 (Tex. App.—Dallas 2001, pet. denied). When a divorce is sought in a marriage lasting ten years or more, a spouse is eligible to seek spousal maintenance if the spouse lacks sufficient property to meet minimum reasonable needs and cannot support himself due to an incapacitating physical or mental disability. *See* TEX. FAM. CODE ANN. § 8.051; *Pickens*, 62 S.W.3d at 215. Deciding what the minimum reasonable needs are for a particular individual is a fact-specific determination that should be made by the trial court on a case-by-case basis. *In re Hale*, 975 S.W.2d 694, 698 (Tex. App.—Texarkana 1998, no pet.).

Intertwined with her argument that she should have received spousal maintenance, Hitselberger asserts that the trial court, by awarding the marital residence to Bakos, "further reduced [her] ability to financially support herself following the divorce. Again, Hitselberger ignores the fact that the trial court entered an "essentially equal [property] division" despite its characterization of the marital residence as community property. Further, the record shows that, while Hitselberger has been receiving disability payments since 2001 or 2002, she had also been employed in various jobs and worked as a real estate agent since 2016. Hitselberger's own expert, Freele, testified he had "not determined that she's

–11–

disabled from working" but "just stated that she does not work." Freele did not remember whether Hitselberger obtained her real estate license. Finally, when asked if it was his opinion that Hitselberger was permanently disabled and unable to work, Freele testified he had "no idea" and had "not evaluated [Hitselberger] for that." Under these circumstances, we conclude the trial court did not err in making the fact-specific determination that Hitselberger did not establish that she cannot support herself due to an incapacitating physical or mental disability. *See* TEX. FAM. CODE ANN. § 8.051; *Pickens*, 62 S.W.3d at 215; *In re Hale*, 975 S.W.2d at 698. Accordingly, we determine the trial court did not abuse its discretion in refusing to award spousal maintenance. *See Tellez*, 345 S.W.3d at 691. We overrule Hitselberger's third issue.

We affirm the trial court's judgment.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

210146F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SUZANNE HITSELBERGER,
Appellant

No. 05-21-00146-CV        V.

LOUIS BAKOS, Appellee

On Appeal from the 256th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-19-18280.
Opinion delivered by Justice
Goldstein. Justices Schenck and
Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee LOUIS BAKOS recover his costs of this appeal from appellant SUZANNE HITSELBERGER.

Judgment entered November 7, 2022