**METHODIST HOSPITALS OF DAL-LAS d/b/a Methodist Medical Center, Appellant**

v.

**MID–CENTURY INSURANCE COMPANY OF TEXAS, Appellee.**

No. 05–05–01113–CV.

Court of Appeals of Texas, Dallas.

June 28, 2006.

Blair G. Francis, Francis Orr & Totusek, L.L.P., Dallas, for Appellant.

Hermon L. Veness, Jr., Carnahan Thomas, Michael S. Carnahan, Southlake, for Appellee.

Before Justices MORRIS, O'NEILL, and RICHTER.

## OPINION

Opinion by Justice MORRIS.

This case involves a hospital lien. The pivotal issue we address is whether Methodist Hospitals of Dallas d/b/a Methodist Medical Center filed its lien before settlement proceeds were paid to an "entitled person" as required by section 55.005 of the Texas Property Code. The trial court concluded Methodist's lien was not timely filed and granted summary judgment to Mid–Century Insurance Company of Texas. Methodist Medical Center challenges the trial court's ruling arguing the summary judgment evidence did not conclusively establish its lien was filed too late. Methodist further contends the trial court erred when it ruled that delivery of a non-certified check to only one of its joint payees constitutes payment pursuant to chapter 55 of the Texas Property Code. Because we conclude Mid–Century did not meet its burden of producing competent summary judgment evidence to establish when the settlement proceeds were paid, we reverse the trial court's summary judgment and remand the cause for further proceedings.

Methodist provided medical services and supplies to Lori Ward after she was involved in an auto accident with a third party insured by Mid–Century. After Ward and Mid–Century reached a settlement, Mid–Century issued a check dated September 20, 2000, jointly payable to Ward and her attorney, Juan Hernandez. Methodist filed its hospital lien on September 21, 2000. The settlement proceeds were disbursed without paying Methodist's hospital bill. Methodist filed this suit against Hernandez and Mid–Century to enforce its lien. The trial court granted Mid–Century's motion for summary judgment. Methodist then dismissed its claims against Hernandez. This appeal followed.

■ Before addressing Methodist's specific issues, we first must examine the nature of Mid–Century's motion for summary judgment. On appeal, Mid–Century characterizes its summary judgment motion as a no-evidence summary judgment motion under Texas Rule of Civil Procedure 166a(i). Methodist, on the other hand, asserts that Mid–Century's motion was a traditional motion for summary judgment under Rule166a(c) that required Mid–Century, as movant, to prove conclusively the settlement monies were paid before Methodist's lien was filed. After reviewing Mid–Century's motion for summary judgment, we agree with Methodist.

Mid–Century's motion was entitled, "Defendant Mid–Century Insurance Company of Texas' Motion for Summary Judgment." The motion did not specify which type of summary judgment it was pursuing. In section I of the motion, however, Mid Century set forth the traditional summary judgment standard claiming there were no issues of material fact and it was entitled to judgment as a matter of law. *See*

TEX.R. CIV. P. 166a(c); *Brown v. Hearth-wood II Owners Assoc., Inc.*, —— S.W.3d ——, ——, No. 14–04–01194–CV, 2006 WL 1459833, at *2 (Tex. App–Hous. [14th Dist.] May 30, 2006, no pet. h.). In sections II and III, Mid–Century purported to provide evidence to support its assertion that the settlement was paid before Methodist's lien was filed and argued the summary judgment evidence proved its entitlement to summary judgment. In section IV of its motion, Mid–Century contended, "[a]dditionally, there is no evidence: a) Plaintiff's lien was filed before Hernandez and Ward were paid; b) Hernandez and Ward were paid anytime after September 20, 2000; c) Hernandez and Ward were paid at any other time than September 20, 2000; d) That plaintiff's lien attached to the proceeds paid on September 20, 2000; and e) Defendant Mid–Century is liable to [Methodist]."

Rule 166a(i) permits a party to move for summary judgment on the ground there is no evidence of one or more essential elements of claim on which an adverse party would have the burden of proof at trial. TEX.R. CIV. P. 166a(i). The motion must specify the elements as to which there is no evidence. *Id.* The only standard set forth in Mid–Century's motion for summary judgment, however, is the one applicable to a traditional summary judgment motion. Moreover, Mid–Century's motion did not identify which specific element of Methodist's cause of action it was challenging. In fact, Mid–Century's motion does not even identify Methodist as the party who had the burden of proof at trial with respect to the payment issue. Simply stating there is no evidence of when payment was made, in the context of this case, is insufficient to allow us to construe Mid–Century's motion as one seeking a no-evidence summary judgment. Because Mid–Century's motion did not provide Methodist with adequate notice that a no-

evidence summary judgment was sought, we presume that Methodist sought a traditional summary judgment. *Adams v. Reynolds Tile and Flooring, Inc.*, 120 S.W.3d 417, 420 (Tex.App.-Houston [14th Dist.,] 2003, no pet.). Under the standards applicable to traditional summary judgments, Mid–Century therefore has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997).

■■■ In its first issue, Methodist claims the trial court erred in granting summary judgment against it because Mid–Century's motion was not supported by sufficient evidence. The only evidence attached as support for Mid–Century's motion for summary judgment was co-defendant Hernandez's responses to requests for admissions propounded by Mid–Century. Discovery admissions constitute competent summary judgment evidence only if they are referred to or incorporated in the summary judgment motion *and* they are used against the party who filed them. *Rodriguez v. Motor Exp., Inc.*, 909 S.W.2d 521, 525 (Tex.App.-Corpus Christi 1995) *rev'd on other grounds*, 925 S.W.2d 638 (Tex.1996). Here, the admissions on which Mid–Century relies to establish the date of payment of the settlement proceeds were made by its co-defendant Hernandez. Because Hernandez's admissions may not be used as summary judgment evidence against Methodist, Mid–Century failed to prove the date the settlement proceeds were paid. It therefore did not meet its summary judgment burden to establish it was entitled to judgment as a matter of law. Our resolution of this issue makes it unnecessary to address Methodist's remaining issues.

We reverse the trial court's judgment and remand this cause to the trial court for further proceedings.