**AIG LIFE INSURANCE COMPANY,**
**Appellant**

v.

**FEDERATED MUTUAL INSURANCE COMPANY, Knox Oil of Texas, Inc., and Carol Chapman Kondos, Appellees.**

No. 05–05–00877–CV.

Court of Appeals of Texas,
Dallas.

Aug. 16, 2006.

Loren R. Smith, Kelly, Smith & Murrah, P.C., Houston, for appellant.

Anjel Kerrigan Avant, Kondos & Kondos Law Office, Richardson, for appellee.

Before Justices WHITTINGTON, BRIDGES, and RICHTER.

## OPINION

Opinion by Justice RICHTER.

AIG Life Insurance Company (AIG) appeals the summary judgment entered in favor of Federated Mutual Insurance Company (FMIC), Knox Oil of Texas, Inc. (Knox), and Carol Chapman Kondos, contending in fifteen issues that (1) the trial court erred in considering the motions for summary judgment to be no-evidence motions for summary judgment; (2) AIG pleaded viable causes of action for conversion, reimbursement, breach of fiduciary duty, conspiracy, money had and received, and unjust enrichment as well as a claim for exemplary damages; and (3) there was a material issue of fact on all causes of actions that precluded summary judgment. We affirm in part, reverse in part, and remand this case to the trial court for further proceedings.

### Factual and Procedural Background

David Overturf was a truck driver for Conway Truck Load. AIG provided Conway with occupational accident insurance. On June 25, 2000, Overturf's truck was struck from behind by a truck owned by Knox. Overturf received medical treatments for back pain following the accident and missed a substantial amount of work.

AIG paid benefits to Overturf under the insurance policy.

Overturf hired the law firm of Kondos & Kondos to pursue a personal injury claim against Knox and its driver, claiming $38,911.65 in past medical expenses, lost wages of $80,402.30, and future medical expenses, physical pain, mental anguish, and physical impairment in unspecified amounts. After Overturf filed the lawsuit, AIG corresponded with both FMIC, Knox's insurance carrier, and Kondos & Kondos regarding AIG's claimed subrogation lien on any funds received by Overturf, but never intervened in the lawsuit.

During his deposition in the underlying lawsuit, Overturf denied any back pain prior to the accident and denied previously seeking medical treatment for back pain. However, during the deposition of Overturf's treating physician, Knox's attorney presented the physician with Overturf's prior medical records demonstrating Overturf had a lengthy history of chronic, degenerative back problems. Overturf's physician testified Overturf had not disclosed the prior back problems, Overturf did not have a herniated disc, and the condition found during Overturf's surgery was degenerative in nature. Due to concerns about Overturf's credibility and the difficulty in attributing Overturf's medical condition to the accident, Overturf's attorney settled the claim against Knox for $55,000. AIG was not included as a payee on the settlement check, and none of the settlement funds were disbursed to AIG.

AIG sued Overturf, Daniel Kondos, Knox, FMIC, and Kondos, seeking to recover the benefits AIG had paid to Overturf on theories of reimbursement, conversion, breach of fiduciary duty, conspiracy, breach of contract, money had and received, and unjust enrichment.[1] AIG also sought exemplary damages and attorney's fees.[2] Kondos, Knox, and FMIC filed virtually identical motions for summary judgment. On May 20, 2005, the trial court granted the motions and entered a final judgment that AIG take nothing.

## Nature of Motions

■ In its fifteenth issue, AIG contends the trial court erred to the extent it granted a no-evidence motion for summary judgment. Kondos filed her motion for summary judgment on February 24, 2005. FMIC and Knox filed a joint motion, almost identical to Kondos's motion, on April 15, 2005. The motions do not include a standard of review and do not clearly delineate whether they are traditional motions for summary judgment under Texas Rule of Civil Procedure 166a(c) or no-evidence motions for summary judgment under Texas Rule of Civil Procedure 166a(i). Attached to each motion was a substantial amount of summary judgment evidence, indicating the motions sought a traditional summary judgment. *See City of Keller v. Wilson*, 168 S.W.3d 802, 825 (Tex.2005) (evidence supporting motion not allowed under rule 166a(i)).

On appeal, appellees argue they filed hybrid motions which raised both traditional and no-evidence grounds. They claim the motions were traditional by establishing as a matter of law that Overturf was not made whole by the settlement, barring AIG's claims for reimbursement, conversion, money had and received, unjust enrichment, and conspiracy. However, the motions also allegedly were no-

---

1. AIG subsequently dismissed its claims against Overturf and Daniel Kondos. AIG asserted a breach of contract claim only against Overturf.

2. AIG did not appeal the summary judgment on its claim for attorney's fees.

evidence motions by virtue of "challanging [AIG] to produce evidence in suppport of each element of every claim."

■ Rule 166a(i) allows a party to move for summary judgment on the ground there is no evidence of one or more essential elements of a claim on which an adverse party would have the burden of proof at trial. Tex.R. Civ. P. 166a(i). However, the motion must specify the elements as to which there are no evidence. *Id.; Patino v. Complete Tire, Inc.,* 158 S.W.3d 655, 659–60 (Tex.App.-Dallas 2005, pet. denied). Here, the motions did not clearly delineate those elements of AIG's causes of action on which appellees claimed there was no evidence.

Appellees admit their motions were brought, at least in part, on traditional summary judgment grounds. In the context of this case, simply stating in the body of the motions that AIG cannot show or produce evidence, without clearly setting out that appellees were seeking summary judgment on a particular element of a specific cause of action on no-evidence grounds, is insufficient to allow us to construe the motion as seeking a no-evidence summary judgment. *See Methodist Hosps. of Dallas v. Mid–Century Ins. Co. of Tex.,* 195 S.W.3d 844, 846 (Tex.App.-Dallas 2006, no pet. hist.). Because the two motions for summary judgment did not provide AIG with adequate notice appellees were seeking a no-evidence motion for summary judgment, we presume that appellees sought a traditional summary judgment. *Id.; Kadhum v. Homecomings Fin. Network, Inc.,* No. 01–05–00705–CV, 2006 WL 1125240, at *4, —— S.W.3d ——, —— (Tex.App.-Houston [1st Dist.] April 27, 2006, no pet. hist.); *Adams v. Reynolds Tile & Flooring, Inc.,* 120 S.W.3d 417, 420 (Tex.App.-Houston [14th Dist.] 2003, no pet.).

Accordingly, we sustain AIG's fifteenth issue and will evaluate the motions for summary judgment under the standards applicable to traditional summary judgments.

### Standard of Review

We review a traditional summary judgment *de novo* to determine whether the party's right to prevail was established as a matter of law. Tex.R. Civ. P. 166a(c); *W. Invs., Inc. v. Urena,* 162 S.W.3d 547, 550 (Tex.2005); *First Union Nat'l Bank v. Richmont Capital Partners I, L.P.,* 168 S.W.3d 917, 923 (Tex.App.-Dallas 2005, no pet.). The party moving for summary judgment has the burden of establishing that no material fact issue exists and it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Urena,* 162 S.W.3d at 550. When reviewing a motion for summary judgment, we take the nonmovant's evidence as true, indulge every reasonable inference in favor of the nonmovant, and resolve all doubts in favor of the nonmovant. *Urena,* 162 S.W.3d at 550; *First Union,* 168 S.W.3d at 923. When the trial court's order does not specify the ground on which summary judgment was granted, we must affirm the summary judgment on any ground supported by the evidence and the pleadings. *Urena,* 162 S.W.3d at 550; *Cox v. NextiraOne,* 169 S.W.3d 778, 780 (Tex.App.-Dallas 2005, no pet.).

### Right To Subrogation

■ In its first issue, AIG contends the trial court erred in granting summary judgment because there is a genuine issue of material fact regarding whether AIG was precluded from recovering on its subrogation lien because Overturf had not been made whole. "An insurer is not entitled to subrogation if the insured's loss is in excess of the amounts recovered from the insurer and the third party causing the

loss." *Ortiz v. Great So. Fire & Cas. Ins. Co.,* 597 S.W.2d 342, 343 (Tex.1980). Appellees moved for summary judgment on AIG's reimbursement, money had and received, and unjust enrichment claims on the ground that Overturf's damages exceeded the settlement amount and, because Overturf had not been made whole, AIG had no right to recover any of the settlement proceeds.

To be entitled to summary judgment on the ground Overturf was not made whole by the settlement, appellees were required to prove as a matter of law Overturf's damages from the accident exceeded the settlement amount. Appellees take the position that because Overturf received less in settlement than his medical expenses and lost wages, he was not made whole and AIG has no right to subrogation as a matter of law. However, appellees' own summary judgment evidence establishes Overturf had a long history of back problems prior to the accident and the condition was chronic and degenerative. Appellees failed to establish as a matter of law that Overturf's losses from the accident exceeded the settlement amount. *See Ortiz,* 597 S.W.2d at 343 (no right to subrogation unless insured recovered sum in excess of the amounts recovered from the insurer and the third party causing the loss); *Esparza v. Scott & White Health Plan,* 909 S.W.2d 548, 552 (Tex.App.-Austin 1995, writ denied). We sustain AIG's first issue.

Because the only ground for summary judgment raised in appellees' motions on AIG's reimbursement, money had and received, and unjust enrichment claims were that Overturf had not been made whole, the trial court erred in granting summary judgment on those causes of action. We sustain issues five and eleven. Because of our disposition of these issues, we do not need to address issues two, six, and twelve. Tex.R.App. P. 47.1.

## Conversion

In its third and fourth issues, AIG contends the trial court erred in granting summary judgment on its conversion cause of action because (1) it has a viable cause of action for conversion and (2) there was a material issue of fact on each element of the cause of action that precluded summary judgment.

▉▉▉ Conversion is the wrongful exercise of dominion or control over the property of another in denial of, or inconsistent with, the other's right to the property. *Waisath v. Lack's Stores, Inc.,* 474 S.W.2d 444, 446 (Tex.1971); *US Bank, N.A. v. Prestige Ford Garland Ltd. P'ship,* 170 S.W.3d 272, 276 (Tex.App.-Dallas 2005, no pet.). A claim lies for conversion of money when the identification of the money is possible and there is an obligation to deliver the specific money in question. *Newsome v. Charter Bank Colonial,* 940 S.W.2d 157, 161 (Tex.App.-Houston [14th Dist.] 1996, writ denied).

Kondos moved for summary judgment on AIG's conversion claim on the grounds Overturf was not made whole and, therefore, AIG was not entitled to immediate possession of any of the settlement proceeds and suffered no injury; none of the settlement proceeds were specifically designated for Overturf's medical care so the funds were not AIG's personal property; there was no evidence Kondos exercised any dominion or control over the settlement proceeds; and Kondos & Kondos was entitled to its fees and did not exercise dominion or control over funds belonging to AIG. Knox and FMIC also sought summary judgment on the ground that once they disbursed the settlement funds to Overturf's attorney, they no longer had dominion or control over the funds.

### 1. Knox and FMIC

Prior to issuing the settlement check, Knox and FMIC were not in possession of any identifiable property to which AIG was entitled. *City of Dallas v. King*, No. 05–96–01457–CV, 1998 WL 337863, at *2 (Tex.App.-Dallas, June 26, 1998, pet. denied) (not designated for publication). Rather, these funds belonged to Knox or FMIC. After the settlement check was tendered, the property was in the possession of Overturf's attorney. Any claim for conversion after that point would involve property controlled by Overturf's attorney, not Knox or FMIC. *Id.* Because Knox and FMIC never exercised dominion or control over property belonging to AIG, the trial court did not err in granting summary judgment on AIG's conversion cause of action against Knox and FMIC.

### 2. Kondos

As set out above, Kondos failed to prove as a matter of law that Overturf was not made whole. Accordingly, Kondos failed to carry her burden of establishing AIG was not entitled to immediate possession of a portion of the settlement proceeds under its subrogation lien or that AIG did not suffer any injury. Kondos, as the movant, also had the burden of establishing that none of the settlement proceeds were designated for medical expenses or other losses for which AIG had paid benefits. There is no evidence in the record as to the allocation of the settlement proceeds to Overturf's different damages.

Further, Kondos, as the movant, had the burden to present summary judgment evidence that she did not exercise dominion and control over the settlement proceeds. However, she presented no summary judgment evidence regarding her role, if any, in receiving, handling, and distributing the settlement proceeds. Relying on *King*,

Kondos finally argues Kondos & Kondos was entitled to its fees and any cause of action for conversion of the disbursed fees would lie against Overturf. However, *King* clearly states any claim for conversion after the issuance of the settlement check "would involve property controlled by [the plaintiff's] attorney...." *King*, 1998 WL 337863, at *2; *see also Ellis v. City of Dallas*, 111 S.W.3d 161, 166 (Tex. App.-Eastland 2003, no pet.) (overruling claim by plaintiff's attorney he could not be held liable for conversion of settlement proceeds); *Prewitt & Sampson v. City of Dallas*, 713 S.W.2d 720, 722 (Tex.App.-Dallas 1986, writ ref'd n.r.e.). Kondos failed to establish her right to summary judgment on AIG's conversion claim.

We overrule AIG's third and fourth issues as to Knox and FMIC. We sustain AIG's third and fourth issues as to Kondos.

### Breach of Fiduciary Duty

In its seventh and eighth issues, AIG challenges the summary judgment granted to appellees on AIG's breach of fiduciary duty claims. In its First Amended Original Petition, AIG asserted a claim for breach of fiduciary duty against Kondos & Kondos. Kondos & Kondos was not a party to the litigation. AIG did not assert breach of fiduciary duty claims against Kondos, Knox, or FMIC and did not plead any allegations that would make any of these parties liable for the acts of Kondos & Kondos. We overrule issues seven and eight.

### Conspiracy

In its ninth and tenth issues, AIG contends the trial court erred in granting summary judgment on its conspiracy cause of action because it has a viable claim and there is a material issue of fact that precluded summary judgment. The elements

of a civil conspiracy include: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result. *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex.2005). Appellees' motions essentially claim AIG had no cause of action for conspiracy as a matter of law and could produce no evidence to prove an unlawful act or that there was a meeting of the minds. Appellees cited no summary judgment evidence in support of their argument.

Whether appellees' motions would be sufficient as no-evidence motions for summary judgment is not at issue. Appellees clearly did not carry their burden under the traditional summary judgment standard of proving they were entitled to judgment as a matter of law.

Therefore, we sustain issues nine and ten.

### Exemplary Damages

■ In issues thirteen and fourteen, AIG contends the trial court erred in granting summary judgment on AIG's claim for exemplary damages because appellees submitted no summary judgment evidence that they did not act with malice and there is a material issue of fact regarding whether appellees acted with malice. We have concluded the trial court erred in granting summary judgment on AIG's conversion and conspiracy causes of action. If the tortfeasor acted with malice, exemplary damages are recoverable for conversion and for conspiracy. *Cass v. Stephens*, 156 S.W.3d 38, 73 (Tex.App.-El Paso 2004, pet. filed) (conversion); *Aboud v. Schlichtemeier*, 6 S.W.3d 742, 750 (Tex. App.-Corpus Christi 1999, pet. denied) (conspiracy).

Appellees offered no summary judgment evidence that they did not act with malice.

Therefore, they failed to prove as a matter of law that AIG is not entitled to exemplary damages on its conversion and conspiracy causes of action. We sustain issues thirteen and fourteen.

### Conclusion

Because appellees' motions did not give AIG adequate notice appellees were seeking summary judgment under rule 166a(i), we treat the motions as requests for a traditional summary judgment. We affirm the summary judgment for appellees on AIG's claims for breach of fiduciary duty. We also affirm the summary judgment for Knox and FMIC on AIG's cause of action for conversion. We reverse the summary judgment on AIG's claims against appellees for reimbursement, conspiracy, money had and received, unjust enrichment, and exemplary damages and against Kondos for conversion because appellees failed to establish their right to judgment as a matter of law. We remand this case to the trial court for further proceedings consistent with this opinion.