**Daniel Boyd LOE, Appellant,**

v.

**James Irwin MURPHY, III, Appellee.**

**No. 20457.**

Court of Civil Appeals of Texas, Dallas.

Nov. 21, 1980.

Rehearing Denied Dec. 18, 1980.

Stephen C. Porter, McMullen & Porter, Dallas, for appellant.

Alan M. Glassman, Glassman & Solis, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and ROBERTSON, JJ.

ROBERTSON, Justice.

This is a suit on a note given by defendant Loe to plaintiff Murphy for the purchase of plaintiff's auto repair business. Plaintiff moved for summary judgment and defendant filed his answer to the motion, supported by an affidavit, asserting that the parties had a prior or contemporaneous oral agreement that plaintiff would not compete with defendant and that if such competition occurred, defendant's liability on the note would cease. His answer and affidavit also asserts that plaintiff has es-

tablished a competing business and thus a genuine issue of material fact exists concerning failure of consideration. Additionally, defendant argues that the security agreement securing the obligation of the note, foreclosed by the trial court, is ambiguous as a matter of law. On the other hand, plaintiff argues that the parol evidence rule prohibits giving any evidentiary weight to the oral agreement and that as between the parties the security agreement is not ambiguous. The trial court granted summary judgment for plaintiff. We affirm.

 To be entitled to a summary judgment, the movant has the burden of establishing that there exists no material fact issue and that he is entitled to judgment as a matter of law. *Town North National Bank v. Broaddus*, 569 S.W.2d 489, 494 (Tex.1978). It is not disputed before this court that by way of pleadings and proper summary judgment proof, plaintiff demonstrated as a matter of law that he was entitled to summary judgment. In opposition to this, defendant asserted the affirmative defense of failure of consideration. In order to avoid a summary judgment in favor of plaintiff, it was defendant's burden to show the existence of an issue of fact with respect to his affirmative defense. *Id.* To meet this requirement defendant offered his affidavit asserting the alleged oral agreement. If this affidavit does not set forth such facts as would be admissible in evidence, then defendant is in the position of having offered no summary judgment proof to meet the burden imposed upon him to show the existence of a genuine issue as to a material fact and the summary judgment for plaintiff is proper. *Id.*

Our determination of whether defendant's affidavit is sufficient to show the existence of a genuine issue as to a material fact begins with a statement of the parol evidence rule. Professor Corbin expresses the rule as follows:

When two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing. 3 Corbin on Contracts § 573, p. 357 (1960).

The Texas courts have adhered to the parol evidence rule. Our supreme court stated in *Hubacek v. Ennis State Bank*, 159 Tex. 166, 317 S.W.2d 30 (1958) that "When parties have concluded a valid integrated agreement with respect to a particular subject matter, the rule precludes the enforcement of inconsistent prior or contemporaneous agreements." The mere statement of the parol evidence rule, however, does not aid us in the determination of this cause, for it can be seen from both of the above-stated expressions of the rule that the first question with which we are faced is whether the note here involved is the integrated agreement of the parties.

 Negotiable instruments, such as the note in this case, must initially be presumed to be the integrated agreement of the parties. A negotiable instrument must, with certain exceptions, contain an unconditional promise or order to pay. Tex.Bus. & Com.Code § 3.104 (1968). To include in the note conditions on the promise to pay would destroy the negotiable character of the paper. "[T]he note is conclusive as to what the real contract between the parties was." *Dolsen v. De Ganahl*, 70 Tex. 620, 8 S.W. 321 (1888).

 The Texas Supreme Court has recognized, however, that a note will normally appear integrated in order that it may be negotiable, even though there may be collateral agreements between the parties. *Hubacek v. Ennis State Bank, supra*, 317 S.W.2d at 34. To reconcile the policy that a negotiable instrument must be presumed integrated, with the reality that the instrument may not in fact represent the complete agreement of the parties, the courts and the legislature have recognized certain exceptions to the parol evidence rule. "The rule does not preclude enforcement of prior or contemporaneous agreements which are not inconsistent with and do not vary or

contradict the express or implied terms or obligations thereof." *Id.* 317 S.W.2d at 32. Likewise, a condition of delivery, as opposed to a condition of payment, may be shown to exist. *Kuper v. Schmidt,* 161 Tex. 189, 338 S.W.2d 948 (1960). Section 3.119 of the Business and Commerce Code expressly allows consideration of a written agreement executed as part of the same transaction. Tex.Bus. & Com.Code § 3.119 (1968).

■ The alleged oral agreement in this case does not come within any of these exceptions; nor does defendant cite us to any other exception making the agreement admissible evidence. The oral agreement that defendant should not be liable on the note if plaintiff competes with him is inconsistent with the unconditional promise to pay contained in the note. *See Lakeway Company v. Leon Howard, Inc.,* 585 S.W.2d 660, 662 (Tex.1979). The agreement does not provide for a condition of delivery of the instrument, but rather provides for a condition of payment. *See Crumpler v. Humphries,* 218 S.W.2d 215 (Tex.Civ.App.—San Antonio 1948, writ ref'd). Defendant makes no contention that this agreement was put in writing and in his brief he expressly states that it was an oral agreement.

Though he cites us no authority allowing him to prove the oral agreement, defendant argues that we should allow him to prove it because the parties here involved did not have the aid of counsel and used standard forms in consummating their agreement. Defendant is essentially asking us to either extend one of the exceptions discussed above, or to create a new exception. We decline to do either. For this court to hold that a negotiable instrument may be defeated by an inconsistent prior or contemporaneous oral agreement whenever the maker thereof did not have the aid of counsel, would be a "note holder's" nightmare. Promissory notes would be reduced to meaningless scraps of paper. *Howeth v. Davenport,* 311 S.W.2d 480, 482 (Tex.Civ. App.—San Antonio 1958, writ ref'd n.r.e.). Although the parol evidence rule has been criticized, *see e.g.,* 3 Corbin on Contracts

§ 575, p. 380 (1960), to lessen or abrogate its effect in a case such as this would, in our judgment, cause more harm than good.

■ In addition to his points of error concerning the alleged oral agreement, defendant argues that the trial court erred in foreclosing the security agreement that secured the note because the security agreement is ambiguous as a matter of law and because a genuine fact issue existed concerning the intention of the parties. Defendant argues that the security agreement is ambiguous in the following respects: (1) the document appears to be an agreement designed to be used by a bank and its loan customer to cover a series of transactions rather than being an agreement to secure the promissory note; (2) references are made throughout the security agreement to "bank", but no banking institution is identified as being a party to the security agreement; and (3) the obligation secured by the security agreement differs in amount from the obligation of the principal due on the note. Plaintiff responds that as between the parties, there is no ambiguity. We agree.

■ Interpretation of a contract becomes a fact issue only when application of pertinent rules of construction leaves a genuine uncertainty as to which of two meanings is proper. *Universal C.I.T. Credit Corp. v. Daniel,* 150 Tex. 513, 243 S.W.2d 154 (1951). If a contract is susceptible of two constructions, one of which would render it valid and the other invalid, construction validating it must prevail. *Dahlberg v. Holden,* 150 Tex. 179, 238 S.W.2d 699 (1951). We construe the security agreement before us as securing the obligation of defendant on the note. The references to "bank", though not appropriate to this transaction, are not such as to prevent the parties from knowing their rights and duties under the agreement.

The different statements in the note and in the security agreement as to the sum owed, if indeed there is a difference, are not fatal to the enforcement of the security agreement. *Southwestern Drug Corp. v. First National Bank,* 45 S.W.2d 424 (Tex.

Civ.App.—Amarillo 1932, writ ref'd). We note also that defendant's argument is that the *principal* amount stated in the note differs from the amount secured by the security agreement. The note, however, requires 120 payments of $291.19 each, which aggregate the exact amount secured by the security agreement. Defendant's point of error complaining of the action of the trial court in foreclosing the security agreement is overruled.

Affirmed.