**Vernon Lee GARNER, Appellant**

v.

**FIDELITY BANK, N. A., f/k/a Parkway Bank, Appellee.**

No. 05–07–00360–CV.

Court of Appeals of Texas, Dallas.

Jan. 31, 2008.

Cecil R. Miskin, Burleson, Susan Bleil, Sondrea King, Bleil & King, Fort Worth, for Appellant.

Greg Gutman, Dallas, Edward L. Rice, Capelle & Burdette, L.L.P., Dallas, for Appellee.

Before Justices O'NEILL, RICHTER, and LANG.

## OPINION

Opinion by Justice RICHTER.

This appeal arises from a suit on a promissory note. Vernon Lee Garner challenges the entry of a traditional summary judgment in favor of Fidelity Bank, N.A., f/k/a/ Parkway Bank. In six issues, Garner argues: (1) the trial court abused its discretion when it denied Garner's motion for continuance; (2) the trial court erred when it granted summary judgment because there was a material issue of fact as to whether the note at issue constituted the complete agreement of the parties; (3) the court erred in granting summary judgment because Garner raised a material issue of fact concerning payment; (4) the trial court abused its discretion when it sustained Fidelity's objections to Garner's testimony about statements and acts that occurred after the note was signed; (5) the trial court awarded Fidelity more relief than it requested; and (6) the trial court erred by awarding attorney's fees. Finding no reversible error, we affirm the trial court's judgment.

## I. BACKGROUND

Garner is in the used car business. Prior to the lawsuit, Garner had an ongoing

business relationship with Fidelity and entered into various loan agreements to finance the purchase of his vehicle inventory. On December 15, 2005, Garner and Fidelity entered into the loan agreement at issue in this case. To memorialize the agreement, the parties executed a promissory note with a June 15, 2005 maturity date and a commercial security agreement granting Fidelity a security interest in three specified vehicles. The parties also executed a "Notice of Final Agreement" which provided that the loan agreement, promissory note, and security agreement constituted the final agreement of the parties. When Garner did not pay the note on the maturity date or surrender the collateral, Fidelity offered to extend the note with a new note in the same principal amount. Garner refused. After demanding payment, Fidelity filed suit against Garner. Garner generally denied the allegations in a document entitled "Plea in Abatement, Special Exceptions, Special Denials, Affirmative Defense and Original Answer Subject Thereto" (the Answer). The Answer did not assert "payment" as an affirmative defense. On October 30, 2006 Fidelity moved for summary judgment on Garner's liability on the note. The motion was set for hearing on December 14, 2006. Garner responded on December 7, 2006 and requested a continuance. The crux of Garner's response was that the parties had agreed to terms other than what was stated in the note. At the same time he filed the response, Garner served his first request for production of documents on Fidelity. The trial court granted the summary judgment on December 26, 2006 and awarded Fidelity the amount due under the note with interest, costs, and attorney's fees. The final judgment also granted a foreclosure of the security interest in the collateral. This appeal followed.

## II. DISCUSSION

### Motion for Continuance

Garner's response to Fidelity's motion for summary judgment included a motion for continuance that consisted of a paragraph stating "[t]his case has not been on file for any appreciable length of time, certainly not sufficient to allow for adequate discovery." In his first issue, Garner argues the trial court erred by denying the motion for continuance. We disagree.

The denial of a motion for continuance is reviewed under an abuse of discretion standard. *General Motors v. Gayle*, 951 S.W.2d 469, 476 (Tex.1997) (orig.proceeding). The denial will only be reversed if the trial court's action was arbitrary, unreasonable, or without reference to any guiding rules and principles. *See BMC Software Belg. N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex.2002). Garner gave no reason why he needed discovery to oppose summary judgment on the note, nor did he specify the discovery required. Although Garner now asserts the discovery was essential to plead or prove a payment defense, this argument was not presented to the trial court until after the summary judgment was granted and Garner filed a motion for new trial. Garner admits the request for a continuance was not verified, but maintains Fidelity's failure to object to the lack of verification precludes it from raising the issue on appeal. A motion for continuance must include an affidavit stating sufficient cause. TEX.R. CIV. P. 251; *Rabe v. Guaranty Nat'l Ins. Co.*, 787 S.W.2d 575, 578 (Tex.App.-Houston [1st Dist.] 1990, writ denied). If a motion for continuance is not verified or supported by affidavit, we will presume the trial court did not abuse its discretion in denying the motion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986); *Hamm v. Millennium Income Fund, L.L.C.*, 178

S.W.3d 256, 270 (Tex.App.-Houston [1st Dist.] 2005, pet. denied). The rule does not require the party opposing a motion for continuance to lodge an objection with the trial court under any circumstances. *See Daugherty v. Jacobs,* 187 S.W.3d 607, 620 (Tex.App.-Houston [14th Dist.] 2006, no pet.). Because Garner's motion did not include an affidavit stating sufficient cause, we conclude the trial court's ruling was neither arbitrary nor unreasonable. Garner's first issue is overruled.

*Objections to Summary Judgment Evidence*

Garner submitted an affidavit in response to the motion for summary judgment. The affidavit described representations allegedly made by Fidelity to Garner and attached numerous prior notes between the parties. Fidelity objected to paragraphs 3–16 and 22 of the affidavit and argued the merger clause in the loan documents prohibited the use of parol evidence to show any other agreements of the parties. The trial court sustained the objection. In his third issue, Garner maintains the trial court erred because the representations described in the affidavit were made after the date of the note. In Garner's view, this demonstrates the statements were not barred by the parol evidence rule.

■■■■ We review a trial court's ruling sustaining objections to summary judgment evidence for an abuse of discretion. *See Bradford Partners II, L.P. v. Fahning,* 231 S.W.3d 513, 521 (Tex.App.-Dallas 2007, no pet.). The portion of the affidavit Garner argues should have been allowed stated in pertinent part:

> I took that to mean that **when the note came due,** that I would pay the interest, plus pay for the cars sold during that period, and, just as before, the note would be renewed. [The bank officer]

told me this both **before and after I signed the note** in question.

(Emphasis added). Contrary to Garner's assertion, the affidavit does not refer exclusively to representations alleged to have been made after the note was signed. The affidavit also refers to a statement made prior to the signing of the note. When, as here, the parties have concluded a valid integrated agreement, the parol evidence rule precludes enforcement of a prior or contemporaneous inconsistent agreement. *See Ledig v. Duke Energy Corp.,* 193 S.W.3d 167, 178 (Tex.App.-Houston [1st Dist.] 2006, no pet.). Evidence that violates the rule is incompetent and without probative force, and cannot properly be given legal effect. *See Johnson v. Driver,* 198 S.W.3d 359, 364 (Tex.App.-Tyler 2006, no pet.). The statements made before the note was signed were inadmissible parol evidence.

■■■■ With regard to statements made after the note was signed, we recognize that the parol evidence rule does not bar evidence of a collateral agreement. *See Transit Enter. v. Addicks Tire & Auto Supply, Inc.,* 725 S.W.2d 459, 461 (Tex. App.-Houston [1st Dist.] 1987, no writ). A collateral agreement is one the parties might naturally make separately, i.e. one not ordinarily expected to be embodied in, or integrated with the written agreement and not so clearly connected with the principal transaction as to be part and parcel of it. *Boy Scouts of Am. v. Responsive Terminal Sys., Inc.,* 790 S.W.2d 738, 745 (Tex.App.-Dallas 1990, writ withdrawn). This exception, however, does not permit parol evidence that varies or contradicts the express or implied terms of the written agreement. *See Loe v. Murphy,* 611 S.W.2d 449, 451–52 (Tex.Civ.App.-Dallas 1980, writ ref'd n.r.e.). In addition, the notice of final agreement provides:

THE WRITTEN LOAN AGREE-MENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

■ A written agreement will be enforced as written and cannot be added to, varied, or contradicted by parol testimony. *See Smith v. Smith,* 794 S.W.2d 823, 827 (Tex.App.-Dallas 1990, writ withdrawn). This is particularly true where the written contract contains a recital that it contains the entire agreement between the parties or a similarly-worded merger provision. *See Weinacht v. Phillips Coal Co.,* 673 S.W.2d 677, 679 (Tex.App.-Dallas 1984, no writ). Because the evidence Garner sought to admit contradicted the express terms of the written agreement, the trial court did not err in excluding it. Garner's third issue is overruled.

*The Summary Judgment*

■ In his fourth and fifth issues, Garner complains about the entry of summary judgment. We review the granting of a summary judgment motion de novo. *AIG Life Ins. Co. v. Federated Mut. Ins. Co.,* 200 S.W.3d 280, 284 (Tex.App.-Dallas 2006, pet. denied). When reviewing a traditional summary judgment, we determine whether the movant met its burden of establishing that no material fact issue exists and that it is entitled to judgment as a matter of law. TEX.R. CIV. PROC. 166a; *AIG Life,* 200 S.W.3d at 284. We take the nonmovant's evidence as true, indulge every reasonable inference in favor of the nonmovant, and resolve all doubts in the non-movant's favor. TEX.R. CIV PROC. 166a; *AIG Life,* 200 S.W.3d at 284.

Garner first argues the summary judgment evidence raised a question of material fact about whether the note constituted the complete agreement of the parties. In support of his argument, Garner points to the portions of his affidavit in which he describes how Fidelity allegedly agreed to an arrangement other than what is described in the loan documents and the prior notes he provided to demonstrate the parties previously executed notes with no maturity dates. We have already concluded the trial court did not err by sustaining Fidelity's objections to this evidence. Accordingly, Garner failed to produce competent summary judgment evidence to raise a disputed issue of material fact as to the agreement of the parties.

■ Garner's summary judgment evidence also included the letter from Fidelity offering to renew the note. Garner claims this uncontroverted evidence established the debt was being renewed and evidenced an ongoing floor planning arrangement that did not require Garner to pay for vehicles that had not been sold. The fact that Fidelity offered to renew the debt, however, does not establish the existence of an oral agreement outside the express terms of the contract. Garner's fourth issue is overruled.

■ Garner also contends he raised a material fact question on the issue of payment. Garner's affidavit stated he made $300 payments each month, but did not specify that the payments were on the note at issue. Garner did not quantify the total amount of payments allegedly made or provide any supporting documentation. Fidelity objected that there were no pleadings to support a payment defense and the trial court sustained the objection.

Payment is an affirmative defense that must be specifically pleaded. *See* Tex.R. Civ. P. 94; *Tarrant County Hosp. Dist. v. GE Automotive Serv., Inc.*, 156 S.W.3d 885, 896 n. 13 (Tex.App.-Fort Worth 2005, no pet.). The party asserting an affirmative defense bears the burden of proving its elements. *See Compass Bank v. MFP Financial Serv., Inc.*, 152 S.W.3d 844, 850 (Tex.App.-Dallas 2005, pet. denied). Rule 95 requires the party claiming the defense of payment to "file with his plea an account stating distinctly the nature of such payment, ... failing to do so, he shall not be allowed to prove the same, unless it be so plainly and particularly described in the plea as to give the plaintiff full notice of the character thereof." Tex.R. Civ. P. 95; *Mays v. Bank One, N.A.*, 150 S.W.3d 897, 899 (Tex.App.-Dallas 2004, no pet.). Garner admits he did not file an account, but maintains it was impossible to do so because he did not have the discovery he required. As we noted earlier, Garner did not inform the trial court that he needed discovery to plead or prove payment until after the summary judgment had been determined. Although there was more than adequate time between the filing of the motion for summary judgment and the date on which it was set for hearing, Garner did not amend his answer to assert a payment defense. Because Garner failed to properly plead an account or otherwise provide the requisite notice for an affirmative defense of payment, the trial court did not err when it sustained Fidelity's objections to Garner's affidavit. Absence of a proper plea of payment renders evidence as to payment inadmissible. *See Rea v. Sunbelt Sav.*, 822 S.W.2d 370, 372 (Tex.App.-Dallas 1991, no writ). Garner's fifth issue is overruled.

*The Relief Awarded*

In his second issue, Garner argues the trial court awarded Fidelity more relief than the motion for summary judgment requested. Specifically, Garner claims there is no support for the order of sale on the collateral or for "assistance to take the money or any balance thereof remaining unpaid out of any other property of the defendant." The motion for summary judgment requested foreclosure. Rule 309 establishes what a judgment for foreclosure is to be. *See* Tex.R. Civ. P. 309. The trial court's order tracks the language of Rule 309. Garner's second issue is overruled.

In his sixth issue, Garner argues the attorney's fees award was improper because summary judgment should not have been granted. Because we have concluded the trial court did not err in granting the summary judgment, we need not reach this remaining issue. Garner's sixth issue is overruled.

Having resolved all of Garner's issues against him, we affirm the judgment of the trial court.