**Pedro FUENTES, Appellant,**

v.

**Amanda KILLINGSWORTH, Appellee.**

**No. 05–11–01263–CV.**

Court of Appeals of Texas,
Dallas.

June 20, 2012.

Piper McCraw, Piper McCraw, P.C., McKinney, for Appellant.

Joel David Littlefield, County Atty., Jeff T. Kovach, Asst. Hunt County Atty., Greenville, for Appellee.

Before Justices O'NEILL, MARTIN RICHTER, and LANG–MIERS.

## OPINION

Opinion By Justice MARTIN RICHTER.

During the pendency of a temporary protective order, appellant Pedro Fuentes moved for a continuance and requested that he be permitted to depose the complaining witness. The trial court denied the motion for continuance. In a single issue on appeal, Fuentes asserts the trial court abused its discretion in denying the motion for continuance because it applied the wrong legal standard to determine whether Fuentes had the right to take appellee's deposition. Concluding appellant's argument is without merit, we affirm the trial court's judgment.

We note at the outset that the Rules of Appellate Procedure require that briefs contain a "clear and concise argument for the contentions made, with appropriate citations to authorities and the record." TEX.R.APP. P. 38.1(i). When the appellate issue is unsupported by argument or lacks citation to the record or legal authority, nothing is presented for our review. *See Republic Underwriters Ins. Co. v. Mex-Tex, Inc.,* 150 S.W.3d 423, 427 (Tex.2004). Appellant's brief contains blank citations to the record, and therefore, fails to meet the standard mandated by the rules.

But even if we afford appellant the benefit of the doubt on his briefing, we cannot conclude the trial court erred in denying the motion for continuance. The denial of a motion for continuance is reviewed under an abuse of discretion standard. *Garner v. Fidelity Bank, N.A.,* 244 S.W.3d 855,

858 (Tex.App.-Dallas 2008, no pet.). The denial will be reversed only if the trial court's action was arbitrary, unreasonable, or without reference to any guiding rules and principles. *Id.* (citing *BMC Software Belg. N.V. v. Marchand,* 83 S.W.3d 789, 800 (Tex.2002)).

Appellant contends the trial court denied his continuance because the judge determined he was not entitled to discovery under the family code. The record, however, reflects no such finding or determination. Instead, the record reflects only that the trial court orally denied the motion for continuance and proceeded with the hearing. The record does reflect that appellant's written motion for continuance was not verified. A motion for continuance must include an affidavit stating sufficient cause. Tex.R. Civ. P. 251 ("No application for a continuance shall be heard before the defendant files his defense, nor shall any continuance be granted except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law."). Generally, when a movant fails to comply with Rule 251's requirement that the motion for continuance be "supported by affidavit," an appellate court must presume that the trial court did not abuse its discretion in denying the motion. *Villegas v. Carter,* 711 S.W.2d 624, 626 (Tex.1986). In other words, if a motion for continuance is not verified or supported by affidavit, we will presume the trial court did not abuse its discretion in denying the motion. *Garner,* 244 S.W.3d at 858. Under these circumstances, we cannot conclude the trial court abused its discretion in denying appellant's motion for continuance. Appellant's sole is overruled, and the judgment of the trial court is affirmed.