# NO. 12-13-00026-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE THIRD* |
| | § | *JUDICIAL DISTRICT COURT* |
| *B.G.W., A CHILD* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

V.H. and B.W. appeal the termination of their parental rights. In five and four issues respectively, V.H. and B.W. challenge the order of termination. We affirm.

### BACKGROUND

V.H. and B.W. are the parents of B.G.W., born August 5, 2002. On November 14, 2011, the Department of Family and Protective Services (the Department) filed an original petition for protection of the child, for conservatorship, and for termination of Appellants' parental rights. The Department was appointed B.G.W.'s temporary managing conservator and the parents were appointed temporary possessory conservators of the child, with limited rights, duties, and access to, and possession of, the child.

After a trial, the jury found, by clear and convincing evidence, that V.A. had engaged in one or more of the acts or omissions necessary to support termination of her parental rights under Texas Family Code Section 161.001(1), subsections (D), (E), and (O), or more specifically, had

> knowingly placed or knowingly allowed the child to remain in conditions or surroundings [that] endanger[ed] the physical or emotional well being of the child;
>
> engaged in conduct or knowingly placed the child with persons who engaged in conduct [that] endanger[ed] the physical or emotional well being of the child; or
>
> failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the return of the child who has been in the permanent or temporary managing

conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child.

The jury also found that termination of the parent-child relationship between V.H. and B.G.W. was in the child's best interest. Based on these findings, the trial court ordered that the parent-child relationship between V.H. and B.G.W. be terminated.

The jury also found, by clear and convincing evidence, that B.W. had engaged in one or more of the acts or omissions necessary to support termination of his parental rights under Texas Family Code Section 161.001(1), subsections (D), (E), and (O), or more specifically, had

knowingly placed or knowingly allowed the child to remain in conditions or surroundings [that] endanger[ed] the physical or emotional well being of the child;

engaged in conduct or knowingly placed the child with persons who engaged in conduct [that] endanger[ed] the physical or emotional well being of the child; or

failed to comply with the provisions of a court order that specifically established the actions necessary for the father to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child.

The jury also found that termination of the parent-child relationship between B.W. and B.G.W. was in the child's best interest. Based on these findings, the trial court ordered that the parent-child relationship between B.W. and B.G.W. be terminated. This appeal followed.

### SUFFICIENCY OF THE EVIDENCE

As part of her first, second, third, fourth, and fifth issues, V.H. contends that the evidence is legally insufficient to support the jury's finding that her parental rights to B.G.W. should be terminated, and that termination of the parent-child relationship was in B.G.W.'s best interest. In his first and second issues, B.W. also argues that the evidence is legally insufficient to support the jury's finding that termination of the parent-child relationship was in B.G.W.'s best interest.

A no evidence complaint is preserved through one of the following: (1) a motion for instructed verdict; (2) a motion for judgment notwithstanding the verdict; (3) an objection to the submission of the issue to the jury; (4) a motion to disregard the jury's answer to a vital fact issue;

or (5) a motion for new trial. ***T.O. Stanley Boot Co., Inc. v. Bank of El Paso***, 847 S.W.2d 218, 220 (Tex. 1992); *see also **In re D.J.J.***, 178 S.W.3d 424, 426-27 (Tex. App.—Fort Worth 2005, no pet). V.H. and B.W. did not file a motion for instructed verdict regarding the evidence to support the jury's findings, a motion for new trial, or any of the other motions necessary to preserve their legal sufficiency challenges. Therefore, they have waived the right to complain about the legal sufficiency of the evidence to support the jury's findings.

As part of her first, second, third, fourth, and fifth issues, V.H. also contends that the evidence is factually insufficient to support the jury's findings that her parental rights to B.G.W. should be terminated, and that termination of the parent-child relationship was in B.G.W.'s best interest. In his first and second issues, B.W. argues that the evidence is factually insufficient to support the jury's finding that termination of the parent-child relationship was in B.G.W.'s best interest. A point in a motion for new trial is a prerequisite to a complaint of factual insufficiency of the evidence to support a jury finding. ***In re A.J.L.***, 136 S.W.3d 293, 301 (Tex. App.—Fort Worth 2004, no pet.); TEX. R. CIV. P. 324(b)(2); *see also **In re M.S.***, 115 S.W.3d 534, 547 (Tex. 2003) (applying Texas Rule of Civil Procedure 324(b)(2) requiring a motion for new trial to preserve a complaint of factual sufficiency to support jury finding to parental termination cases). V.H. and B.W. did not file motions for new trial. Therefore, they have waived the right to complain about the factual sufficiency of the evidence to support the jury's findings.

Accordingly, we overrule V.H.'s first, second, third, fourth, and fifth issues, and B.W.'s first and second issues.[1]

ADMISSION OF EVIDENCE

In B.W.'s third issue, he argues that the trial court abused its discretion by admitting evidence of voice mail recordings that were not produced under the discovery rules and were unduly prejudicial. The Department disagrees, contending that another witness testified as to the content of the voice mail recordings without objection.

---

[1] There is no claim that failure to preserve error was unjustifiable or the result of ineffective assistance of counsel. *See **In re J.P.B.***, 180 S.W.3d 570, 575 (Tex. 2005).

## Standard of Review

We review a trial court's evidentiary rulings for abuse of discretion. *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). A trial court abuses its discretion if it acts without reference to any guiding rules or principles or if its actions are arbitrary and unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). We must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *Owens–Corning Fiberglas Corp.*, 972 S.W.2d at 43.

## Applicable Law

A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed, unless the court finds that (1) there was good cause for the failure to timely make, amend, or supplement the discovery response, or (2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties. TEX. R. CIV. P. 193.6(a). The burden of establishing good cause or the lack of unfair surprise or unfair prejudice is on the party seeking to introduce the evidence. TEX. R. CIV. P. 193.6(b). A finding of good cause or of the lack of unfair surprise or unfair prejudice must be supported by the record. *Id*.

Erroneously admitting evidence "will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling." *Coble v. State*, 330 S.W.3d 253, 282 (Tex. Crim. App. 2010) (quoting *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998)). In other words, an error in the admission of evidence is deemed harmless and is waived if the objecting party permits the same or similar evidence to be introduced without objection. *See Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 907 (Tex. 2004); *Breof BNK Tex., L.P. v. D.H. Hill Advisors, Inc.*, 370 S.W.3d 58, 67 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Therefore, "counsel must object every time allegedly inadmissible evidence is offered." *Hudson v. State*, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984).

No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the reviewing court concludes that the error complained of (1) probably caused the rendition of an improper judgment or (2) probably prevented the appellant from properly presenting the case to the court of appeals. TEX. R. APP. P. 44.1(a); *Harris Cnty. v. Smith*, 96 S.W.3d 230, 234-35 (Tex. 2002). A reviewing court must evaluate the entire case from voir dire to closing argument,

4

considering the evidence as a whole, the strength or weakness of the case, and the verdict. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 136 (Tex. 2012). A successful challenge to evidentiary rulings usually requires the complaining party to demonstrate that the judgment turns on the particular evidence admitted. *Nissan Motor Co. Ltd. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004); *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753-54 (Tex. 1995). Whether the erroneous admission of evidence is harmful is more a matter of judgment than precise measurement. *Nissan Motor Co.*, 145 S.W.3d at 144. In making that judgment, appellate courts look to the role the evidence played in the context of the trial and the efforts made by counsel to emphasize the erroneous evidence, as well as whether there was contrary evidence that the improperly admitted evidence was calculated to overcome. *U–Haul Int'l, Inc.*, 380 S.W.3d at 136.

**Objections and Testimony**

Before trial, the Department requested that recordings of voice mails left by B.W. for V.H. be admitted at trial. According to the Department, these voice mails were made after B.W. attempted to strangle V.H., but before his trial on that assault, and were threatening. Further, the Department's counsel stated that the recordings were relevant to the best interest of the child and, potentially, would be used for impeachment.

B.W.'s counsel objected, arguing that these recordings were not provided to him until the day before trial and, thus, were not admissible. The Department's counsel stated that these recordings were not provided previously in response to discovery because the Department did not have these recordings in its possession or control. According to the Department, these recordings were in the possession of the district attorney's office and the Department was not aware of the recordings until B.W.'s criminal trial. At that point, the trial court did not decide whether the voice mails should be admitted, although it allowed the Department to discuss the recordings in its opening statement.

At trial, B.W. testified that he left several voice mails for V.H and admitted that these recordings were played at his criminal trial. He admitted that these recordings were "pretty bad" and that he "wish[ed] [he] hadn't of said them." B.W. testified that he was mad when he left the voice mails, but he did not threaten to kill anyone, "[he didn't] think." He admitted that he said whatever was contained in the recordings. B.W.'s attorney did not object to this testimony regarding the voice mail recordings.

5

During trial, the Department requested the voice mail recordings be admitted. The trial court determined that it would allow the recordings to be admitted if the proper foundations were laid. B.W.'s counsel objected because copies of the recordings had not been provided to him thirty days before the hearing. Therefore, B.W.'s counsel argued, these recordings were inadmissible under the discovery rules. Moreover, he stated that the recordings were unduly prejudicial because B.W. admitted leaving the voice mails and admitted that they were threatening. Thus, B.W.'s counsel stated, playing the recordings would be "theater and theater alone." The Department's counsel agreed that B.W. admitted to making the recordings but contended that B.W. "danced around" admitting that the voice mails were threatening, stating instead that "he said he was mad." The trial court admitted the voice mail recordings.

At trial, Jessica Halbert, an investigator for the Henderson County Sheriff's office, stated that she was working on a criminal case involving B.W.'s alleged strangulation of V.H. She testified that while she was investigating the case, V.H. informed her that multiple messages from B.W. had been left on her cellular telephone. According to Halbert, she recorded the messages by having V.H. play them on speakerphone in front of a recording device. Halbert identified the recording and stated that it was a fair and accurate copy of the voice mails. The Department requested that the voice mails be admitted, and B.W.'s counsel objected. The trial court overruled counsel's objections, and the Department published the voice mails before the jury.

After the voice mails were published, Halbert testified that in the first recording, B.W. said "bring it on," "that's what I'm doing tomorrow" and "you f****d up." She also stated that on the second recording, he said "I'm coming after you, going to light it up." Halbert testified further that on the third recording, B.W. said "I deserve what I get, call the law b***h," and on the fourth recording, he said "the lights are on, doors are open, come on in." She agreed that in the fifth recording, B.W. said "I can't wait m*****f****r." Halbert believed that these recordings were threatening, considering all of the circumstances. B.W.'s counsel did not object to any of Halbert's testimony regarding the content of the voice mail recordings.

**Analysis**

Even if we assume the voice mail recordings were inadmissible, an error in the admission of evidence is harmless if substantially the same evidence is admitted elsewhere without objection. *See **Volkswagen of Am., Inc.**,* 159 S.W.3d at 907; ***Breof BNK Tex., L.P.**,* 370 S.W.3d at 67.

6

Further, B.W. must have objected every time the allegedly inadmissible evidence was offered or he has waived any complaint about the admission of the evidence.  *See **Lagrone v. State***, 942 S.W.2d 602, 618 (Tex. Crim. App. 1997); ***Hudson***, 675 S.W.2d at 511.  From our review of the record, we conclude that B.W. failed to make all of the required objections.

B.W. admitted that he left the voice mails for V.H., that he was mad, and that he said whatever was in the recordings.  Although he testified that the voice mails were "pretty bad," he did not "think" he threatened to kill anyone.  Halbert testified that the voice mails were threatening under the circumstances, having previously noted that B.W. was being investigated for allegedly strangling V.H.  She also testified regarding the specific contents of each voice mail message that had been published to the jury.  B.W. did not object to any of this testimony. Because the evidence that B.W. left threatening voice mails for V.H. was admitted without objection, and Halbert described the contents of the voice mail recordings without objection, any error admitting the voice mail recordings is harmless.  *See **Volkswagen of Am., Inc.***, 159 S.W.3d at 907; ***Breof BNK Tex., L.P.***, 370 S.W.3d at 67.

We overrule B.W.'s third issue.

## MOTION FOR CONTINUANCE

In his fourth issue, B.W. argues that the trial court abused its discretion by failing to grant his motion for continuance after he announced "not ready" for trial.  The denial of a motion for continuance is reviewed under an abuse of discretion standard.  ***Garner v. Fidelity Bank, N.A.***, 244 S.W.3d 855, 858 (Tex. App.—Dallas 2008, no pet.).  The denial will be reversed only if the trial court's action was arbitrary, unreasonable, or without reference to any guiding rules and principles.  *Id*. (citing ***BMC Software Belg. N.V. v. Marchand***, 83 S.W.3d 789, 800 (Tex. 2002)).  If a motion for continuance is not made in writing and verified, it will be presumed that the trial court did not abuse its discretion by denying the motion.  ***Villegas v. Carter***, 711 S.W.2d 624, 626 (Tex. 1986).

Further, a motion for continuance must include an affidavit stating sufficient cause.  TEX. R. CIV. P. 251.  Generally, when a movant fails to comply with Rule 251's requirement that the motion for continuance be "supported by affidavit," an appellate court must presume that the trial court did not abuse its discretion in denying the motion.  ***Villegas***, 711 S.W.2d at 626.  In other words, if a

motion for continuance is not verified or supported by affidavit, we will presume the trial court did not abuse its discretion in denying the motion. *Garner*, 244 S.W.3d at 858.

Here, B.W.'s counsel orally requested a continuance on the day before trial, contending that he was "not ready" for trial because B.W. had been arrested for violating a protective order in favor of V.H. and counsel had just been given voice mail recordings that B.W. left for V.H. A motion for continuance must be made in writing and verified. *See Villegas*, 711 S.W.2d at 626. However, B.W. admitted that his motion was not in writing. Further, when he renewed his objections regarding being "ready" on the day of trial, he did not present a written verified motion for continuance with a supporting affidavit. Because B.W.'s motion for continuance was not in writing, verified, or supported by an affidavit, the trial court did not abuse its discretion in denying the motion. *See Villegas*, 711 S.W.2d at 626; *Garner*, 244 S.W.3d at 858. Accordingly, B.W.'s fourth issue is overruled.

## DISPOSITION

Having overruled V.H.'s five issues and B.W.'s four issues, we *affirm* the judgment of the trial court.

　　　　　　　　　　　　　　___**BRIAN HOYLE**___
　　　　　　　　　　　　　　　　　　Justice

Opinion delivered June 25, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 25, 2013**

**NO. 12-13-00026-CV**

**IN THE INTEREST OF B.G.W., A CHILD**

Appeal from the 3rd Judicial District Court

of Henderson County, Texas. (Tr.Ct.No. 2009-C-017)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*