# NO. 12-15-00182-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE 349TH* |
| *J.J., J.J. AND J.J.,* | § | *DISTRICT COURT* |
| *CHILDREN* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

K.B. appeals the termination of her parental rights. On appeal, she contends that the trial court abused its discretion by denying her motion for continuance.

## BACKGROUND

K.B. and J.J.[1] are the parents of three children: J.J.1, born April 18, 2005; J.J.2, born June 14, 2006; and J.J.3, born October 1, 2007. On April 21, 2014, the Department of Family and Protective Services (the Department) filed an original petition for protection of the children, for conservatorship, and for termination of K.B.'s and J.J.'s parental rights. The Department was appointed temporary managing conservator of the children, and the parents could have contact with the children only at the Department's discretion.

At the conclusion of the trial on the merits, the jury found, by clear and convincing evidence, that K.B.'s parental rights should be terminated. However, the jury did not find that J.J.'s parental rights should be terminated. Instead, it found that the Department should be named as the children's managing conservator and that J.J. should be named as their possessory conservator. Thereafter, the trial court found, by clear and convincing evidence, that K.B. had engaged in one or more of the acts or omissions necessary to support termination of her parental

---

[1] The initials of the father and his three children are the same. Therefore, we will refer to the father as J.J. and to his children as J.J.1, J.J.2, and J.J.3.

rights under subsections (C), (N), and (O) of Texas Family Code Section 161.001(1).  The trial court also found that termination of the parent-child relationship between K.B. and the children was in the children's best interest.  Based on these findings, the trial court ordered that the parent-child relationship between K.B. and the children be terminated.  Further, the trial court ordered that the Department be appointed permanent managing conservator of the children, that J.J. be appointed possessory conservator, and that J.J. pay child support.  This appeal followed.

## MOTION FOR CONTINUANCE AND REQUEST TO APPEAR BY TELEPHONE

In her sole issue on appeal, K.B. argues that the trial court abused its discretion in denying her motion for continuance and her request to appear at trial by telephone.

The denial of a motion for continuance is reviewed under an abuse of discretion standard.  *Garner v. Fidelity Bank, N.A*., 244 S.W.3d 855, 858 (Tex. App.—Dallas 2008, no pet.).  The denial will be reversed only if the trial court's action was arbitrary, unreasonable, or without reference to any guiding rules and principles.  *Id.* (citing *BMC Software Belg. N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002)).

In her brief, K.B. states that she made a motion for continuance and that the trial court denied the motion.  However, the record does not show that K.B. made any request—oral or written—for a continuance.  Nor is there any indication that the trial court ever ruled on a request for a continuance.  Therefore, we cannot conclude that any error occurred regarding a motion for continuance.

After the jury had been selected and sworn, and as the trial began, K.B.'s attorney said as follows:

> Your Honor, I forgot to make it of record that I proposed to let my client be able to appear by phone, and I had had other objections by counsel, and I know that it's an absolute that if they don't agree, my client can't appear, but I do want to make sure that it was of record that I requested it earlier.

The Department and the attorney ad litem objected to K.B.'s request. The trial court denied K.B.'s request, stating "[y]eah, we're not going to do that" because it was impractical.  K.B.'s attorney then announced "ready" and the case proceeded to trial.

In her brief, K.B. states that she resided in New Jersey, had lost her identification, and thus, was unable to fly to attend the trial.  However, she did not provide the trial court with this

information.  She argues that the trial court's refusal to allow her to appear by telephone violated her "constitutional protected rights" to the parent-child relationship.  But she did not raise this issue in the trial court.  *See* ***Tex. Dep't of Protective and Regulatory Svcs. v. Sherry***, 46 S.W.3d 857, 861 (Tex. 2001) (holding that claims, including constitutional claims, must have been asserted in trial court in order to be raised on appeal).  Because K.B. did not raise her constitutional claim at trial, she has waived it.  *See **id***.

K.B.'s sole issue is overruled.

## DISPOSITION

Having overruled K.B.'s sole issue on appeal, we ***affirm*** the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered October 30, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

## OCTOBER 30, 2015

## NO. 12-15-00182-CV

### IN THE INTEREST OF J.J., J.J. AND J.J., CHILDREN

Appeal from the 349th District Court

of Anderson County, Texas (Tr.Ct.No. 349-7390)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*