**Affirm; and Opinion Filed October 8, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-24-00764-CV

## IN THE INTEREST OF L.G., A CHILD

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-16-26379**

## MEMORANDUM OPINION
Before Justices Smith, Miskel, and Breedlove
Opinion by Justice Smith

Mother appeals the trial court's final order modifying her parent-child relationship with her daughter L.G. In two issues, Mother asserts that (1) the court erred in proceeding to trial while continuing three companion cases and (2) the evidence is legally and factually insufficient to support Father's appointment as sole managing conservator. For the following reasons, we affirm the trial court's May 17, 2024 order in suit to modify parent-child relationship.

## Background

In June 2014, Mother gave birth to L.G. In April 2017, the trial court entered an order establishing Father's paternity as to L.G. and appointing Mother and Father as L.G.'s joint managing conservators.

In November 2022, the Dallas County Child Protective Services Unit of the Texas Department of Family and Protective Services (Department) filed a combined motion to modify and petition for protection, conservatorship, and termination. An affidavit attached to the motion described the Department's removal of four of Mother's children, including L.G., after it received a report of neglectful supervision, including an outcry by L.G.'s step-sister, D.G., that their maternal grandfather had sexually abused her. The Department also had concerns of substance abuse, domestic violence, and physical abuse.

In December 2022, Father filed a petition to modify the parent-child relationship. Among other things, he sought to be appointed sole managing conservator of L.G. or, as joint managing conservator, to have the right to designate L.G.'s primary residence. He also sought supervised visitation for Mother.

On April 10, 2024, the trial court commenced trial on Father's petition and the Department's motions in the companion cases concerning Mother's three other children, D.G., C.G., and J.G.[1] Mother had filed a motion for continuance two days

---

[1] *In the Interest of D.G.* (trial court cause number DF-22-16659), *In the Interest of C.G.* (trial court cause number DF-23-17576), and *In the Interest of J.G.* (trial court cause number DF-23-17577). The trial

earlier and requested a continuance at the outset of trial. The court recessed trial as to the companion cases until April 30, but completed trial on Father's motion to modify in this case, the only case in which Father was a party.

At trial, Father testified that, when L.G. was born in 2014, he was fourteen years old and Mother was fifteen or sixteen years old. In December 2022, he learned that the Department had reason to believe that D.G. had been "sexually touched by [her] grandfather." Father requested that the court consider placing L.G. with him and, after satisfying certain criteria, he became L.G.'s permanent placement in March 2023. At the time of trial, L.G. had lived with Father, along with Father's wife, step-daughter, and father, for thirteen months. L.G. had a bond with them. According to Father, L.G. also had done well in school and was looking healthier.

Father had concerns about Mother using illegal substances and having mental health and anger issues. He testified that, among other things, she had come to his house and punched him, broken the windows and stabbed the tires of his trucks, and driven past his home screaming at him, his wife, and the children. The night before trial, she drove past his house honking and revving her engine. During supervised visitations, Mother had written her phone number on L.G.'s arm with a marker. She also went to L.G's school in violation of a court order. Father believed Mother had a problem following court orders and controlling her impulses.

court's orders in *In the Interest of D.G.* and *In the Interest of J.G.* are the subject of separate appeals, appellate cause numbers 05-24-000939-CV and 05-24-000940-CV, respectively. The Department did not prosecute its motion in this case at trial.

Father also believed that the allegations regarding L.G.'s maternal grandfather "involved" L.G. because she "was always scared to go around him" and said 'that she [did not] like him because he's done things . . . ." Father was concerned for L.G.'s safety if she was returned to Mother's care. He asked the trial court to appoint him as sole managing conservator, with rights to make major decisions in L.G.'s life, and appoint Mother as possessory conservator with supervised visitation. He believed that his request was in L.G.'s best interest.

L.G.'s attorney ad litem reported her belief that it was in L.G.'s best interest for Father to be appointed sole managing conservator and Mother to be appointed possessory conservator with the requested restrictions. Father had "stepped up to the plate" and clearly had a bond and a relationship with L.G. from day one. He was very protective of her educational, physical, and emotional development.

Mother did not appear at trial. Her counsel cross-examined Father, predominantly about the costs of L.G.'s health insurance and whether he would be amenable to Mother having supervised visitations at an agency in Grand Prairie that was slightly less expensive than agencies in and around downtown Dallas. During closing argument, Mother's counsel requested a reduction in child support if Mother was going to have to pay for supervised access and that the visitations take place at the Grand Prairie agency. Counsel also conveyed Mother's request, via text, that the trial court interview L.G.

The trial court denied the request for an interview and granted the relief requested by Father with supervision of Mother's visitation at the requested Grand Prairie agency. On May 17, 2024, the trial court entered a final order consistent with its ruling. Mother filed a motion for new trial, which was overruled by operation of law. This appeal followed.

## Continuance

In her first issue, Mother contends that the trial court erred by denying her motion for continuance. The motion, filed two days before trial, asserted that there was sufficient cause to continue the trial setting because the evidence in the four companion cases was substantially the same and her counsel believed L.G.'s siblings that remained in foster care would be able to be placed with family or friends.[2] Mother asserts that there was no reason why this case was "treated differently than the three other cases and why it [went] to trial when there was a continuance on file."

A continuance shall not be granted "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251. We review the denial of a motion for continuance for an abuse of discretion. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004); *In re T.A.S.*, No. 05-15-01101-CV, 2016 WL 279385, at *3 (Tex. App.—Dallas Jan. 22, 2016, no

---

[2] The motion also noted that a continuance would not result in hardship, financial or otherwise, because Father had court-appointed counsel and L.G. would continue to reside with him and receive Department services while the case remained pending. These considerations, however, do not state a cause for continuing the case.

pet.) (mem. op.). We reverse the denial only if the trial court's action was arbitrary, unreasonable, or without reference to any guiding rules or principles. *In re T.A.S.*, 2016 WL 279385, at \*3 (citing *Garner v. Fidelity Bank, N.A.*, 244 S.W.3d 855, 858 (Tex. App.—Dallas 2008, no pet.)).

On April 10, the trial court called D.G's and J.G.'s cases first. Although C.G.'s case had not yet been called, her father's counsel reported that he had not appeared. Mother's counsel then "urge[d] her continuance on that matter as neither parent is here . . . at this point . . . on that cause number." The Department objected, and the trial court denied the continuance, but proposed starting trial and then recessing it until April 30. Everyone, including Mother's counsel, was in agreement. Then, after hearing very brief testimony from the Department's investigator, the court recessed trial as to D.G's and J.G.'s cases and called C.G.'s case. The Department again objected to a continuance, but agreed to commencing, and then recessing, trial. The other parties again agreed, and the trial court again heard very brief testimony from the Department's investigator before recessing trial in C.G.'s case. The court then called this case, counsel made their appearances, and Father's counsel called Father to testify. The trial proceeded to its conclusion without further discussion regarding a recess or continuance.

Mother now asserts that the court erred by proceeding when there was a motion for continuance on file, counsel presented her motion at the beginning of all four companion cases, and "[t]here was no reason given why this case was heard and

not reset like the three companions." At the time her counsel urged her continuance, however, only D.G's and J.G.'s cases had been called. She did not re-urge her motion and obtain a ruling in L.G.'s case. Accordingly, we conclude that she failed to preserve her argument for appeal. *See* TEX. R. APP. P. 33.1 (to preserve complaint for appeal, appellant must show she made a timely complaint to the trial court and obtained a ruling, or that she objected to the trial court's refusal to rule).

Even assuming the trial court's denial of a continuance in the companion cases constituted an implicit ruling in L.G.'s case, we conclude that there was no abuse of discretion.[3] Mother moved for continuance because the evidence in the companion cases was "substantially the same" and her counsel believed that L.G.'s siblings remaining in foster care would be able to be placed with family or friends. However, she presented no facts, in either the motion or at trial, to demonstrate that the evidence relevant to the modification of L.G.'s conservatorship as between Father and Mother was "substantially the same" as the evidence relevant to the companion cases or to support her counsel's belief about the placement of L.G.'s siblings. "Whether a continuance should have been granted is to be judged in light of the facts before the trial judge at the time the motion was presented." *In re K.P.P.*, No. 05-

---

[3] At trial, Mother sought a continuance based on the absence of Mother and C.G.'s father, a ground not included in her written motion or supported by an affidavit. *See* TEX. R. CIV. P. 251. She does not challenge the trial court's denial of her motion on this ground in this appeal, so we need not address it. *See* TEX. R. APP. P. 38.1(f).

23-00847-CV, 2023 WL 7532754, at *3 (Tex. App.—Dallas Nov. 14, 2023, pet. denied) (mem. op.). On this record, we cannot conclude that the trial court abused its discretion in denying Mother's motion for continuance. We overrule her first issue.

## Sufficiency of the Evidence

In her second issue, Mother asserts that the evidence is legally and factually insufficient to support the appointment of Father as sole managing conservator. Citing Texas Family Code section 153.131, Mother asserts that there was insufficient evidence, including no evidence of family violence, to rebut the presumption that Mother and Father should be joint managing conservators.

A trial court may modify a conservatorship order only if the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the order was rendered and the modification would be in the child's best interest. TEX. FAM. CODE ANN. § 156.101(a)(1). When an order affects the conservatorship and possession of a child, the child's best interests are the primary consideration. *In re S.I.J.*, No. 05-21-00918-CV, 2023 WL 6350473, at *7 (Tex. App.—Dallas Sept. 29, 2023, no pet.) (mem. op.). A trial court enjoys wide latitude in determining the best interests of a minor child, and we review its decision on a motion to modify for an abuse of discretion. *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007) (citing *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982)).

–8–

Legal and factual sufficiency are not independent grounds of error in conservatorship cases but are relevant factors in determining whether an abuse of discretion occurred. *In re M.A.M.*, 346 S.W.3d 10, 13–14 (Tex. App.—Dallas 2011, pet. denied). To determine whether the trial court abused its discretion because the evidence was insufficient to support its decision, we consider whether the trial court (1) had sufficient evidence upon which to exercise its discretion and (2) erred in its exercise of that discretion. *Id.* at 14. The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Id.*

In this case, Mother does not challenge the evidence to show that the circumstances of L.G, Mother, Father, or any other party affected by the original order establishing parent-child relationship have materially and substantially changed since the order was rendered. Instead, she challenges the trial court's best interest finding, asserting that there is insufficient evidence to rebut a statutory presumption that the parents should be joint managing conservators. *See* TEX. FAM. CODE ANN. § 153.131.

Section 153.131 provides that, subject to a prohibition not present in this case, a court shall appoint both parents as joint managing conservators of a child unless the court finds that it would not be in the best interest of the child to do so because the appointment would significantly impair the child's physical health or emotional development. *Id.* § 153.131(a). This statutory parental presumption is rebuttable,

and a finding of a history of family violence involving the parents removes the presumption. *See id.* § 153.131(b).

Section 153.131, however, applies to original custody determinations and "is not carried forward into the statute governing proceedings to modify those determinations." *In re C.J.C.*, 603 S.W.3d 804, 807 (Tex. 2020) (citing TEX. FAM. CODE § 156.101(a)(1)); *see also In re V.L.K.*, 24 S.W.3d 338, 342 (Tex. 2000) ("Chapter 156 does not provide for a parental presumption in modification suits."). Accordingly, we conclude that Mother's argument that there was insufficient evidence to rebut the statutory parental presumption lacks merit.[4] We overrule her second issue.

## Conclusion

Having overruled Mother's two issues, we affirm the trial court's May 17, 2024 order in suit to modify parent-child relationship.

/Craig Smith/
CRAIG SMITH
JUSTICE

240764F.P05

---

[4] Mother has not otherwise challenged the trial court's best interest finding and, therefore, has waived any complaint regarding the sufficiency of the evidence in support of the finding generally. *See* TEX. R. APP. P. 38.1(f).



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

IN THE INTEREST OF L.G., A CHILD

No. 05-24-00764-CV

On Appeal from the 255th Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-16-26379. Opinion delivered by Justice Smith. Justices Miskel and Breedlove participating.

In accordance with this Court's opinion of this date, the trial court's May 17, 2024 order in suit to modify parent-child relationship is **AFFIRMED**.

Judgment entered this 8th day of October 2024.